**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

| | |
|---|---|
| WILLIAM F. TURNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC CO.,<br><br>Defendant. | CASE NO.: 2:05-CV-186-FtM-33 DNF<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff William F. Turner brings this action on his own behalf and on behalf of a class of persons defined below against Defendant General Electric Co., and for his complaint alleges upon information and belief and based on the investigation to date of his counsel, as follows:

**NATURE OF ACTION**

1.　This is an action asserting breach of express warranty and implied warranty of merchantability, unjust enrichment/restitution and negligence in connection with defective refrigerators designed, manufactured, marketed, advertised, warranted and sold by General Electric Company ("GE") under the brand names, "General Electric" and "Hotpoint."

2.　GE designed, manufactured, marketed, advertised, warranted and/or sold to Plaintiff and the Class the makes and models of Refrigerators listed on "Exhibit A." In

conjunction with each sale, Defendant marketed, advertised and warranted that each Refrigerator was fit for the ordinary purpose for which such goods were used and was free from defects in materials and workmanship.

3. GE knew or should have known that the Refrigerators were defective in design, were not fit for their ordinary and intended use, and did not perform in accordance with the advertisements, marketing materials and warranties disseminated by GE nor with the reasonable expectations of ordinary consumers.

4. At the time of sale, the Refrigerators contained a defect that results in the formation of excessive moisture, especially in the icemaker compartment, which causes, among other things, development of iron oxide or rust, puddling on the floor beneath the Refrigerator and rust or water running down the side of the Refrigerator. The defect in the Refrigerators also causes the formation of metal shavings and shards of plastic which are frequently found in the ice created in the freezer section of the Refrigerators. In addition, the defect causes the Refrigerators to suffer from wavering temperature controls and excessive frost. The defect reduces the effectiveness and performance of the Refrigerators and renders them unable to perform the ordinary purposes for which they are used. For example, in many instances, Class Members have experienced spoilation of their food resulting from the Refrigerator's failure to maintain proper temperatures. The defect also causes water damage and other property damage to the floor and/or walls in the area(s) where the Refrigerators are located.

5. GE knew and has admitted that the Refrigerators were defectively designed. Indeed, GE has instituted a program whereby it will, under certain circumstances, replace the Refrigerators with non-defective refrigerators. However, the replacement program is inadequate.

To begin, GE has not publicized it to all persons who purchased the Refrigerators. In addition, GE will only replace a Refrigerator under certain limited circumstances. And, there is no indication that GE will reimburse consumers who have paid for repairs to their Refrigerator, nor is there any indication that GE will reimburse consumers who have paid to replace their defective Refrigerator.

6. As a result of the defect in the Refrigerators, Plaintiff and the Class have suffered damages, in that they have purchased Refrigerators that they would not otherwise have purchased had they known of the defect, and they have been or will be forced to repair or replace the Refrigerators at their own cost, and to pay the expenses of repairing damage to their homes caused by the defective Refrigerators.

## JURISDICTION AND VENUE

7. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. § 1332(d)(2). Plaintiff and Defendant are citizens of different states and the amount in controversy of this class action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

8. Venue for this cause is proper in the Middle District of Florida, pursuant to and in accordance with 28 U.S.C. §1391.

## THE PARTIES

9. Plaintiff William F. Turner is a resident and citizen of Collier County, Florida. He is the owner of a GE Refrigerator, Model Number GSS22KGMD WW, serial number GD241906. Turner purchased the Refrigerator on June 11, 2002 for $1,195.48. From Bill Smith,

a GE dealer in Collier County, Florida.  Plaintiff Turner has experienced moisture-related problems with his Refrigerator including, but not limited to, the following: (a) Overflowed ice would freeze preventing removal of the ice tray.  These parts were replaced, but the problem was not solved; (b) The ice crusher drops ice cubes and a few shavings; (c) The interior door was replaced because ice formed between the outer door and shelf door; (d) There was pooling of water in front of the refrigerator; (e) The sleeve which dispenses ice cubes has become completely frosted up; and (f) Water has dripped from the dispenser.  Plaintiff Turner purchased a one-year, extended warranty from the dealer, nevertheless, he has had to pay for repairs to the Refrigerator at his own expense.  Plaintiff arranged for service calls on August 9, 2002 and August 28, 2002, and paid for service calls/repairs on July 13, 2004 and July 21, 2004, paying $64.95 and $161.00, respectively, for those repairs.

10. Defendant General Electric Co. is a New York corporation operating and doing business throughout Florida and the United States, with its corporate headquarters and principal place of business in Fairfield, Connecticut. GE designed, tested, manufactured, marketed, advertised, warranted and sold the Refrigerators in Florida and throughout the United States.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a Class defined as follows:

> All persons in the fifty states of the United States of America and the District of Columbia who purchased and/or own the makes and models of Refrigerator set forth in Exhibit A, manufactured, marketed, advertised, warranted and/or sold by GE, under the "General Electric" and "Hotpoint" brands.

Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) GE and any entity in which GE has a controlling interest or which has a controlling interest in GE and its legal representatives, assigns and successors of GE; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

12. *Numerosity*: The Class is composed of thousands of persons geographically dispersed throughout the state of Florida, the joinder of whom in one action is impractical. The Class is ascertainable and identifiable. Membership in the class can be determined easily by reference to the serial number located on the identification plate on the left-hand side of the units. GE can determine from its own records which models of the Refrigerators contain the defect.

13. *Commonality*: Questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual issues include the following:

    a. Whether the Refrigerators are defective;

    b. Whether the Refrigerators have not or will not perform in accordance with the reasonable expectations of ordinary consumers;

    c. Whether GE knew or should have known of the defect;

    d. Whether the defect in the Refrigerators caused moisture problems which caused damage to other property, including floors, walls and other accompanying areas, and spoilation of food;

    e. Whether GE concealed from consumers and/or failed to disclose to consumers the defect;

      f.      Whether GE breached express warranties;

      g.      Whether GE breached implied warranties of merchantability;

      h.      Whether GE misrepresented the characteristics and qualities of the Refrigerators;

      i.      Whether Plaintiff and the Class are entitled to compensatory damages, including, among other things: (i) compensation for all out-of-pocket monies expended by members of the Class for repair attempts and loss of use of the Refrigerators and replacement of the Refrigerators; (ii) the failure of consideration in connection with and/or difference in value arising out of the variance between the Refrigerators as warranted and the Refrigerators containing the defect; and (iii) the diminution of resale value of the Refrigerators resulting from the defect.

      j.      Whether Plaintiff and the Class are entitled to replacement of their defective Refrigerators with non-defective GE refrigerators;

      k.      Whether Plaintiff and the Class are entitled to restitution and/or disgorgement.

14.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of GE's conduct in designing, manufacturing, marketing, advertising, warranting and selling the defective Refrigerators, GE's conduct in concealing the defect in the Refrigerators, and Plaintiff's and Class Members' purchase of the Refrigerators.

15.    *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions, including consumer

class actions involving breach of warranties, product liability and product design defects.

16. *Predominance and Superiority*:  This Class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.  Should individual Class Members be required to bring separate actions, this Court and Courts throughout Florida would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this Class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## COMMON FACTUAL ALLEGATIONS

17. Starting in or about 2001, GE manufactured, marketed, advertised, warranted and sold the Refrigerators.  Upon information and belief, it has sold, directly or indirectly (through dealers and other retail outlets), thousands of Refrigerators nationwide and in the state of Florida.

18. Through various forms of media (including, but not limited to, television, print ads, brochures, the Internet, on-site brochures and promotional documents, catalogs, and/or product labeling) GE marketed, advertised and warranted that each Refrigerator was fit for the ordinary purpose for which such goods were used and were free from defects in materials and workmanship.

19. GE expressly warranted, in the Refrigerators' product guides and in other documentation, that during the warranty period -- one year from the date of original purchase -- it would replace any part of the Refrigerators which failed due to a defect in materials or workmanship. GE also expressly warranted that during the warranty period for the sealed refrigerating system (compressor, condenser, evaporator and all connecting tubing) – five years from the date of original purchase – it would replace any part of the sealed refrigerating system that failed due to a defect in materials or workmanship. For both the one year and five year warranties, GE expressly provided that it would provide, free of charge, all labor and in-home service costs to repair the defective part.

20. Despite GE's representations and warranties, the Refrigerators contain a defect that results in moisture-related problems, especially in the icemaker compartment, which causes, among other things, development of iron oxide or rust, puddling on the floor beneath the Refrigerator and rust or water running down the side of the Refrigerator. The defect in the Refrigerators also causes the formation of metal shavings and shards of plastic. In addition, the defect causes the Refrigerators to suffer from wavering temperature controls and excessive frost. The defect reduces the effectiveness and performance of the Refrigerators and renders them unable to perform the ordinary purposes for which they are used and, in some instances, makes the Refrigerators irreparable. The defect also causes water damage and other property damage to the floor and/or walls in the area(s) where the Refrigerators are located as well as spoilation of food as a result of the Refrigerator's failure to maintain proper temperatures.

21. GE has known of the defect in the Refrigerators since 2002 at the latest. GE has not notified all purchasers of the Refrigerators of the defect or provided uniform relief.

22. GE has agreed to replace some of the Refrigerators. In the Naples community of Island Walk, GE recently responded to consumer complaints by implementing a service program whereby it replaced certain Refrigerators.

23. Class Members have paid and will pay for repairs of the Refrigerators. The repairs will not permanently resolve the defect.

24. Class Members have not received the value for which they bargained for when they purchased the Refrigerators. There is a difference in value between the Refrigerators as warranted and the Refrigerators containing the defect coupled with an ineffective warranty.

25. The value of the Refrigerators has been diminished as a result of the defect.

## ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

26. Defendant is estopped from relying on any statutes of limitation by virtue of its acts of fraudulent concealment. Upon information and belief, Defendant has known of the defect in the Refrigerators since at least 2002, if not earlier, and has concealed from owners of the Refrigerators and/or failed to alert the owners of the defective nature of the Refrigerators

27. Given Defendant's failure to disclose this non-public information about the defective nature of the Refrigerators – information over which it had exclusive control -- and because Plaintiffs could not reasonably have known that the Refrigerators were thereby defective, Defendant is estopped from relying on any statutes of limitations that might otherwise be applicable to the claims asserted herein.

## FIRST CAUSE OF ACTION
### (Breach of Express Warranty)

28.  Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

29.  The advertisements, models and samples, and other similar uniform representations disseminated by GE regarding the Refrigerators were, and are, affirmations of fact and/or promises with regard to the performance and quality of those appliances.  These advertisements, models and samples, and other similar representations, formed, in whole or in part, the basis of the bargain as between GE and members of the Class, and constituted express warranties that the appliances would conform thereto.  As described above, Class Members' Refrigerators did not conform to these warranties, representations, models and samples.

30.  GE provided limited warranties to Plaintiff and other members of the Class, which the Company breached and failed to honor.  The time limitations contained in those limited warranties were also unconscionable and grossly inadequate to protect Plaintiff and the other members of the Class.  Among other things, Class Members had no meaningful choice in determining those time limitations; the terms of the limited warranties unreasonably favored GE over members of the Class; a gross disparity in bargaining power existed as between GE and members of the Class; and the Company knew the Refrigerators were defective and would fail after the warranty had expired.

31.  By virtue of its knowledge of the defect and its knowledge of the experience of purchasers of the Refrigerators who complained of the defect in the Refrigerators, GE has received notice of the breach of the warranties.

32.  The element of privity, if found to applicable, exists vis-a-vis GE and members of

-10-
_____
**THIRD AMENDED CLASS ACTION COMPLAINT**

the Class because, *inter alia*: (i) GE has had direct written communications with members of the Class with regard to the Refrigerators in the form of standardized warranty forms, registration cards and other similar documents; (ii) GE has had direct communications with members of the Class with regard to the Refrigerators through television, newspaper and magazine advertisements; (iii) the dealers that have sold Refrigerators to and communicated with members of the Class are agents, in law or in fact, of GE; (iv) GE has entered into contracts with members of the Class in connection with the assurance of warranties; and (vi) Plaintiff and members of the Class are third-party beneficiaries of warranties that ran from GE to its agents, the dealers.

33. As a result of the foregoing, the Plaintiff and the Class Members have suffered damages that were directly and proximately caused by the unreasonably dangerous Refrigerators. Plaintiffs and the proposed Class Members are entitled to damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Breach of Implied Warranty)**

34. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

35. GE impliedly represented and warranted that the Refrigerators were free of defects; merchantable; and fit for their intended purpose.

36. GE breached these representations and implied warranties. GE made and/or allowed these misrepresentations to be made with the intent of inducing Plaintiff and the other members of the Class to purchase Refrigerators. If Plaintiff and the members of the Class had known the true facts, they would not have purchased Refrigerators or paid as much as they did

for the Refrigerators.

37. By virtue of its knowledge of the defect and of the experience of purchasers of the Refrigerators, living in Naples, Florida, who complained of the defect in the Refrigerators, GE has received notice of the breach of the warranties.

38. The element of privity, if found to be applicable, exists vis-a-vis GE and members of the Class because, *inter alia*: (i) GE has had direct written communications with members of the Class with regard to Refrigerators in the form of standardized warranty forms, registration cards and other similar documents; (ii) GE has had direct communications with members of the Class with regard to Refrigerators through television, newspaper and magazine advertisements; (iii) the dealers that have sold Refrigerators to and communicated with members of the Class are agents, in law or in fact, of GE; (iv) GE has entered into contracts with members of the Class in connection with the assurance of "limited" warranties; and (v) Plaintiff and members of the Class are third-party beneficiaries of warranties that ran from GE to its agents, the dealers.

39. As a result of the foregoing, the Plaintiff and the Class Members have suffered damages that were directly and proximately caused by the defective Refrigerators. Plaintiffs and the proposed Class Members are entitled to damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**(Negligence)**

40. Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

41. The Refrigerators were defectively designed and have moisture-related problems causing water damage and other property damage as well as spoilation of food.

42. At the time GE was selling the Refrigerators, it was aware, or reasonably should have been aware, of the foreseeable risks associated with the use of the Refrigerators.

43. GE had a duty to disclose to the consuming public the foreseeable risks associated with the use of the Refrigerators. GE further had a duty not to put defective products on the market.

44. GE breached its duties to the Plaintiff and Class Members by failing to disclose the known risks associated with the Refrigerators, and by allowing the sale and use of the Refrigerators when it knew they would not perform as intended, and that they had moisture-related problems.

45. As a result of the foregoing, the Plaintiff and the Class Members have suffered damages that were directly and proximately caused by the defective refrigerators. Plaintiffs and the proposed Class Members are entitled to damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment/Restitution)

47. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

48. Defendant marketed, advertised and/or promoted the Refrigerators as merchantable, free of defect, fit for the ordinary purpose for which they were to be use and safe for said purpose as set forth more fully above.

49. Defendant accepted payment from Plaintiff and Class Members for the purchase of the Refrigerators.

50. Plaintiff and Class Members did not receive Refrigerators that were free of defect, fit for the ordinary purpose for which they were to be use and safe for said purpose.

51.  It would be inequitable for Defendant to retain this money, in light of its misrepresentations and omissions, because Plaintiff and Class Members did not, in fact, receive products that were free of defect, fit for the ordinary purpose for which they were to be used and safe for said purpose.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment as requested above against GE and further prays for:

    a. An order certifying the Class proposed herein and appointing Plaintiff and his counsel to represent the Class;

    b. For restitution and/or disgorgement of amounts paid by Plaintiff and members of the Class for the purchase of the Refrigerators, together with interest from the date of payment;

    c. For actual damages;

    d. For statutory prejudgment interest;

    e. For reasonable attorneys' fees and the costs of this action;

    f. For legal and equitable relief under the causes of action stated herein; and

    g. For such other relief at this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Amended Complaint has been electronically filed with the Clerk of Court this 12th day of December, 2005, by using the CM/ECF system which will send notice of electronic filing to: Edward M. Waller,

Esquire, Fowler White Boggs Banker, P.A., Post Office Box 1438, Tampa, Florida 33601; James L. Thompson, Esquire, Jenner & Block, LLP, One IBM Plaza, Chicago, IL 60611-7603; Attorneys for General Electric Co.,  Hal N. Bogard, Esquire, General Counsel, GE Appliances, Appliance Park, Building 2-225, Louisville, KY 40225

                                        Scott Wm. Weinstein  
                                        Counsel for Plaintiff  
                                        Florida Bar No. 563080  
                                        Jordan L. Chaikin  
                                        Florida Bar No. 0878421  
                                        Weinstein, Bavly & Moon, P.A.  
                                        2400 First Street, Suite 303  
                                        Fort Myers, Florida 33901  
                                        Telephone: (239) 334-8844  
                                        Facsimile: (239) 334-1289

                                        By: _____/S/_____  
                                                   Scott Wm Weinstein

Gary E. Mason  
The Mason Law Firm, P.C.  
1225 19th Street, NW, Suite 500  
Washington, D.C. 20038  
Telephone:  (202) 429-2290  
Facsimile:  (202) 429-2294

Alexander E. Barnett  
The Mason Law Firm, P.C.  
P.O. Box 230758  
New York, NY 10023  
Telephone: (212) 362-5770  
Facsimile: (917) 591-5227

Jonathan W. Cuneo  
Charles J. LaDuca  
Cuneo, Waldman, Gilbert & LaDuca, L.L.P.  
317 Massachusetts Avenue, N.E.  
Suite 300  
Washington, D.C. 20002  
Telephone: (202) 789-3960  
Facsimile: (202) 789-1813

William M. Audet  
Alexander Hawes & Audet, L.L.P.  
300 Mongtomery Street  
Suite 400  
San Francisco, CA 94104  
Telephone: (415) 921-1776

Facsimile: (415) 576-1776

*Counsel for Plaintiff*