## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**WIILIAM F. TURNER, on behalf of himself and all others similarly situated,**

**Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY,**

**Defendant.**

**CASE NO.: 2:05-CV-186-FtM-33DNF**

## SETTLEMENT AGREEMENT BETWEEN
## GENERAL ELECTRIC COMPANY AND PLAINTIFF

THIS AGREEMENT is entered into by Plaintiff, for himself and on behalf of the Settlement Class, by Plaintiff's counsel, and by General Electric Company ("GE"), subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.  As provided herein, GE and Plaintiff hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Order and Judgment, all claims of Plaintiff and the Settlement Class against GE in this Action shall be settled and compromised upon the terms and conditions contained herein.

WHEREAS, on April 29, 2005, Plaintiff filed his Complaint on behalf of himself and a putative class consisting of all persons in the State of Florida who purchased any of nine specific models of GE refrigerators.  Among other things, the Complaint alleged that the refrigerators did

not perform in accordance with the advertisements, marketing materials and warranties disseminated by GE nor with the reasonable expectations of ordinary consumers because of alleged moisture problems as set forth more fully in the Complaint. The complaint asserted causes of action for breach of express and implied warranties, negligence, and unjust enrichment.

WHEREAS, on July 19, 2005, Plaintiff filed an Amended Complaint enlarging the putative class to include all persons in the State of Florida who purchased and/or own certain additional makes and models of refrigerators marketed, advertised, warranted, and/or sold by GE under the "GE" and "Hotpoint" brands;

WHEREAS, on August 18, 2005, Plaintiff filed a Second Amended Complaint further enlarging the putative Class to include all persons in the State of Florida who purchased and/or own additional makes and models of refrigerators marketed, advertised, warranted, and/or sold by GE under the "GE" and "Hotpoint" brands;

WHEREAS, contemporaneous with this Agreement, Plaintiff filed a Third Amended Complaint expanding the putative Class by making it a nationwide Class and by including certain additional makes and models of "GE" and "Hotpoint" refrigerators;

WHEREAS, GE has denied the material allegations of the Complaint, the First Amended Complaint, the Second Amended Complaint, and the Third Amended Complaint (collectively the "Complaints") and contends that its refrigerators are of superior quality and workmanship and that it has provided a thorough and comprehensive voluntary outreach program for any consumer issues related to the claims alleged in the Complaints;

WHEREAS, during the past six months, GE and Plaintiff, through their respective counsel and company representatives, have exchanged information and have conducted an investigation of the facts and an examination of the law relating to the matters set forth in the Complaints;

WHEREAS, during the past six months, GE and Plaintiff, through their respective counsel and company representatives, also have conducted extensive, arms-length negotiations (based on the information exchanged by the parties and their examination and investigation of the facts and law relating to the matters set forth in the Complaints), which negotiations have resulted in this Agreement to settle Plaintiff's and Settlement Class Members' Claims as set forth below;

WHEREAS, in addition to these discussions, the Attorney General of the State of Florida has conducted an informal inquiry into the issues raised in the Complaints.  Plaintiff and GE have cooperated fully with that inquiry.  At the Attorney General's request, the scope of relief for the putative class has been broadened to include certain 20 and 25 cubic foot "GE" and "Hotpoint" refrigerators.

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiff's Claims, and taking into account the extensive burdens and expenses of litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective, and assured method of resolving the Claims of the Settlement Class, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class;

WHEREAS, GE similarly has concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending protracted litigation, and to resolve finally and completely the pending and potential Claims of Plaintiff and the Settlement Class against GE;

NOW, THEREFORE, GE, Plaintiff, and Settlement Class Counsel stipulate and agree that any and all Settled Claims of Plaintiff and the Settlement Class against GE shall be finally resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement as a good-faith, fair, reasonable, and adequate settlement under Rule 23 of the Federal Rules of Civil Procedure.

## 1.   **DEFINITIONS**

As used in this Agreement and the exhibits hereto, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**Action** means *Turner, et al.  v. General Electric Co.*, Civil Action No. 2:05-CV-186-FtM-33DNF (M.D. Fla., Ft. Myers Division).

**Additional Warranty Protection** means the Additional Warranty Protection Benefit provided pursuant to Section 5.1 of this Agreement.

**Affiliate** means any person or entity controlling, controlled by, or under common Control with GE or Plaintiff.

**Agreement** or **Settlement Agreement** or **Settlement** means this Settlement Agreement, including all exhibits hereto.

**Benefit** means the benefits and relief that Plaintiff or a Settlement Class Member may receive pursuant to this Agreement.

**Claim** means a request by Plaintiff or a Settlement Class Member for a Benefit under this Agreement.

**Claim Deadline for Additional Warranty Protection** means the deadline for post-marking and mailing Claims for Additional Warranty Protection.

**Claim Deadline for Refrigerator Exchange** means the deadline for post-marking and mailing Claims for Refrigerator Exchange.

**Claim Deadline for Reimbursement** means the deadline for post-marking and mailing Claims for Reimbursement.

**Claim Form** means the form approved by the Court in substantially the form of Exhibit C hereto that Settlement Class Members must complete in order to receive a Benefit under this Agreement.

**Claims Administrator** means GE and/or its designated agent or employee, who shall process claims in accordance with Section 5 of this Agreement.

**Control** means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of such controlled person or entity.

**Court** shall mean the United States District Court for the Middle District of Florida, Ft. Myers Division.

**Effective Date** shall mean the later of: (1) the day after the deadline for the filing of any appeals from the Final Order and Judgment, if no notice of appeal is filed or (2) if any notice of appeal from the Final Order and Judgment is filed, the day following the date on which the Final Order and Judgment is not subject to further judicial review or appeal, either by reason of

affirmance by a court of last resort or by lapse of time or otherwise, provided that the Final Order and Judgment is not reversed or substantially modified by the trial court or an appellate court.

**Fairness Hearing** means the hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Agreement under Rule 23 of the Federal Rules of Civil Procedure.

**Final Order and Judgment** means the Order to be entered by the Court approving this Settlement Agreement without material alterations, modifications, or amendments of the Settlement Agreement, as fair, adequate, and reasonable under Rule 23 of the Federal Rules of Civil Procedure and confirming the certification of the Settlement Class.

**GE** means Defendant General Electric Company (including all Affiliates of GE) and their respective past and present officers, directors, employees, stockholders, partners, agents, attorneys, parents, subsidiaries, predecessors, successors, assigns, representatives, subrogees, insurers, and/or insureds.

**Moisture-Related Problem** means a mechanical and/or insulation issue, as diagnosed by GE, that causes excessive moisture in a Refrigerator that may result in one or more of the following symptoms: frost build-up in the freezer or the dispenser chute, ice not dispensing at all, ice cubes frozen together in a solid mass in the ice bucket, auger in the ice bucket not turning, water dripping from the door onto the base of the refrigerator compartments or onto the floor, mold and/or rust in either the fresh or freezer compartment or on the door, a noisy freezer fan, nonfunctional defrost heater and/or only crushed ice or only cubed ice.  In diagnosing a Moisture-Related Problem, GE, in its discretion, may review documentation or other information obtained

from the claimant, or may rely on an inspection of the Refrigerator by a GE factory service technician or GE-authorized customer care servicer.

**Moisture-Related Service Call** means a service call for the purpose of correcting or repairing a Moisture-Related Problem. Service calls to repair or correct any issues other than Moisture-Related Problems shall not be covered by the Settlement Agreement. GE will screen requests for Moisture-Related Service Calls to avoid unnecessary, non-covered service calls and explain to potential claimants the differences between covered and non-covered service calls.

**Notice** means the form of Court-approved notice or notices of this Settlement Agreement substantially in the form contained in the Notice Plan (which is attached as Exhibit B hereto) and as described in Section 7 of this Agreement. The Notice and Summary thereof are included within Exhibit B.

**Notice Date** means the date, set by the Court, by which dissemination of Notice must have begun.

**Notice Plan** means the plan for providing Notice to the Settlement Class. The Notice Plan is attached hereto as Exhibit B.

**Objection Date** means the deadline for post-marking, filing and serving written objections

**Opt Out Deadline** means the deadline established by the Court for post-marking and serving a Request for Exclusion

**Opt Out Period** means the period for filing a Request For Exclusion ending on the Opt Out Deadline contained in the Notice.

**Person** means any individual, corporation, trust, partnership, limited liability company or other legal entity and his/her/its/their respective successors or assigns.

**Plaintiff** means William F. Turner.

**Plaintiffs' Class Counsel** or **Class Counsel** or **Settlement Class Counsel** means Scott Wm. Weinstein, Weinstein Bavly & Moon, P.A., Gary E. Mason and Alexander E. Barnett of The Mason Law Firm, P.C., Jonathan W. Cuneo and Charles J. LaDuca of Cuneo Gilbert & LaDuca, L.L.P.; and William M. Audet of Alexander Hawes & Audet, L.L.P.

**Preliminary Approval** means the Court's conditional certification of the Settlement Class, preliminary approval of this Agreement, appointment of Settlement Class Counsel and the Settlement Class Representative, and approval of the form of Notice.

**Refrigerator** means the "GE" and "Hotpoint" side-by-side refrigerators sizes 20, 22, and 25 cubic feet, manufactured between January 1, 2001 and December 31, 2002, listed by model and serial number on the attached Exhibit A.

**Refrigerator Exchange** means the Refrigerator Exchange Benefit provided pursuant to Section 5.2 of this Agreement.

**Reimbursement** means the Reimbursement Benefit provided pursuant to Sections 5.3.1 and 5.3.2 of this Agreement.

**Released Party** or **Released Parties** means GE (including all Affiliates of GE) and their respective past and present officers, directors, employees, stockholders, partners,  agents, attorneys, parents, subsidiaries, predecessors, successors, assigns, representatives,  subrogees, insurers, and/or insureds, and their respective past and present officers, directors, employees,

stockholders, partners,  agents, attorneys, parents, subsidiaries, predecessors, successors, assigns, representatives,  subrogees, insurers, and/or insureds.

**Releasing Party** means each Plaintiff and each Settlement Class Member and any Person claiming by or through them/him/her/it as their/his/her/its spouse, heir, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, trustee, representative of any kind, shareholder, partner, director, employee, or affiliate.

**Request for Exclusion** is the written communication that must be mailed to the Claims Administrator under Section 8 of this Agreement that is postmarked on or before the end of the Opt Out Period if a Settlement Class Member wants to be excluded from the Settlement Class.

**Settled Claim(s)** means any claim, liability, right, demand, suit, matter, obligation, damage, loss or cost (including the cost of remediation), action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims whether known or unknown, asserted or unasserted, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Action or in any other action or proceeding in this Court or any other court or forum, regardless of legal theory, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising from or in any way relating to a Moisture-Related Problem or the allegations of the Complaints.  Claims for personal injury are specifically excluded from the definition of "Settled Claim(s)."  Without limiting the generality of the foregoing, Settled Claim(s) shall include, with regard to the foregoing subject matter:

(1)     any claim for breach or violation of any federal, state, or local statute, regulation, or ordinance, case law, common law, or other law;

(2)     any claim for breach of any duty imposed by law, by contract, or otherwise;

(3)     any claim based on strict product liability, negligence, reliance, breach of express or implied warranty, racketeering, fraud, conspiracy, consumer fraud, negligent misrepresentation/omission, or intentional misrepresentation/omission;

(4)     any claim arising from or in any way related to any defect, alleged defect, design, manufacture, production, sale, promotion, distribution, assembly, or installation of a Refrigerator;

(5)     any claim related to property damage, loss of use, diminished value and/or diminution of value, incidental damage, and/or consequential damage arising from or in any way related to any Moisture-Related Problem or the allegations of the Complaints;

(6)     any claim for penalties, punitive damages, exemplary damages, or any claim for damages based upon any multiplication or enhancement of compensatory damages associated with (1) through (5) above; and

(7)     any claim for the recovery of costs, interest, or expenses related to the litigation of the Action, including any claim for attorneys' fees, costs, and expenses.

**Settlement Class** means all Persons in the 50 United States and District of Columbia who, as of the Notice Date, purchased, owned, and/or currently own a Refrigerator. Excluded from the Settlement Class are: (1) GE and any entity in which GE has a controlling interest or which has a controlling interest in GE, and the legal representatives, assigns and successors of GE; (2) the Judge to whom this case is assigned and any member of the Judge's immediate

family;  and (3) all Persons who, in accordance with the terms of this Agreement, properly execute and timely file a Request for Exclusion with the Claims Administrator under Section 8 of this Agreement.

**Settlement Class Member** means a Person who is a member of the Settlement Class, including, but not limited to, Plaintiff.

**Settlement Class Representative** means William F. Turner.

**Term of Agreement** or **Term** means the period commencing on the date of Preliminary Approval and lasting until such time that the Claims Administrator finalizes the payment on the last timely filed Claim unless otherwise directed by the Court.

## 2.    <u>SETTLEMENT PURPOSES ONLY</u>

2.1.    Solely for the purpose of settling these disputed Claims, including the dispute over class certification, Plaintiff and GE have entered this Agreement and shall propose certification of the Settlement Class.  The Settlement Class shall be awarded the Benefits provided herein in exchange for and in accordance with the terms and conditions of this Agreement.

2.2.    GE and Plaintiff understand and agree that, pursuant to this Agreement, they are compromising and settling disputed claims asserted by Plaintiff and the Settlement Class against GE.  Accordingly, GE and Plaintiff understand and agree that neither this Agreement (including all terms thereof and exhibits thereto), nor performance under the terms of this Agreement by any party thereto is, or shall be construed as an admission by GE of (1) the validity of any claim, theory or fact; (2) any liability, fault or responsibility; (3) the existence, cause or extent of any damages and/or losses alleged or suffered by any Settlement Class Member; or (4) the

appropriateness of class certification in this Action . Further, GE and Plaintiff understand and agree that neither this Agreement (including all terms thereof and exhibits thereto), nor performance under the terms of this Agreement by any party thereto is, or shall be construed as, an admission by Plaintiff, Settlement Class Members or Class Counsel of the validity of any fact or defense asserted against them in this Action or in any other action.

2.3     This Agreement is without prejudice to any rights GE may have, including but not limited to the rights of GE to: (a) oppose class certification in this Action should this Agreement not be approved or implemented by the Court for any reason (including, but not limited to, termination or the exercise of withdrawal rights by GE); (b) oppose class certification in any other proposed or certified class action; (c) use the certification of a Class in the Action to oppose certification of any other proposed or existing class relating to or purporting to assert any Settled Claim(s); or (d) any other rights in the litigation.

2.4     The provisions of Sections 2.2 and 2.3 shall survive the termination of this Agreement.

3.     **REQUIRED EVENTS AND COOPERATION**

3.1     Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval.

3.2     Plaintiff shall obtain from the Court an order (the "Preliminary Approval Order"), specifically including, *inter alia*, provisions that:

(a)     Appoint Plaintiff as the representative of the Settlement Class;

(b)     Appoint Class Counsel;

(c)     Preliminarily and conditionally certify the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only and preliminarily approve this Agreement for purposes of issuing Notice;

(d)     Determine or approve the form and contents of the Notice;

(e)     Schedule the Fairness Hearing to review any objections to this Agreement; to consider its fairness, reasonableness, and adequacy under Rule 23 of the Federal Rules of Civil Procedure; to consider whether the Court shall issue a Final Order and Judgment approving this Agreement; to review the application for an award of attorneys' fees and reimbursement of costs and expenses; and to dismiss with prejudice the claims of Plaintiff and the Settlement Class in the Action.

3.3     GE and Plaintiff shall cooperate, assist, and undertake all reasonable actions in order to accomplish these required events on the schedule set by the Court.

## 4.    **SETTLEMENT FUNDING**

4.1     GE commits to provide all reasonable funding necessary to provide Notice as described in Section 7 below and to implement the Benefits program and as may otherwise be required by the provisions of this Agreement.

## 5.    **BENEFITS PROGRAM**

5.1     **Additional Warranty Protection:** GE shall provide Settlement Class Members with Additional Warranty Protection for Moisture-Related Problems in the Refrigerators.  The Additional Warranty Protection shall be for one year following the Notice Date.   To obtain the Additional Warranty Protection under this Section 5.1, Settlement Class Members must submit to

13

the Claims Administrator a properly completed and executed Claim Form within 90 days from the Notice Date (the Claim Deadline for Additional Warranty Protection). Further, to arrange for a Moisture-Related Service Call pursuant to the Additional Warranty Protection of this Section 5.1, Settlement Class Members must call GE at 1-866-839-4463. All service and labor to be performed pursuant to the Additional Warranty Protection shall be performed by a GE factory service technician or an authorized GE customer care servicer.

In addition, for Settlement Class Members who have an existing service contract on their Refrigerators and who timely submit a valid Claim for Additional Warranty Protection, GE will provide a full year of Additional Warranty Protection for Moisture-Related Problems after the existing service contract expires.

5. 2    **Refrigerator Exchange:** For any Settlement Class Member whose Refrigerator has required three or more unsuccessful Moisture-Related Service Calls and still has a Moisture-Related Problem, GE shall provide, in exchange for the Settlement Class Member's Refrigerator, a new GE refrigerator of like grade and quality with comparable features. To obtain the Benefit under this Section 5.2, a Settlement Class Member must submit to the Claims Administrator a properly completed and executed Claim Form within one year from the Notice Date (the Claim Deadline for Refrigerator Exchange). The Settlement Class Member's Claim Form must contain the following required proof: (a) receipt(s), invoice(s), or purchase order(s) that clearly identify the product(s) or service(s) purchased (or provided under Section 5.1) for the purpose of resolving a Moisture-Related Problem (credit card statements will not be acceptable unless they identify the product(s) purchased and/or service performed); and (b) a certification attesting,

under penalty of perjury, that the Settlement Class Member's Refrigerator required three or more unsuccessful Moisture-Related Service Calls between the date of purchase of the Refrigerator and one year from the Notice Date.  The certification must also provide the dates on which each Moisture-Related Service Call occurred and must attest that, at the time of the exchange, the Refrigerator had a Moisture-Related Problem.  Further, in order to receive the Benefit under this Section, all Moisture-Related Service Calls that occur after the Notice Date must be performed by a GE factory service technician or an authorized GE customer care servicer pursuant to Section 5.1.

In addition, Settlement Class Members who have an existing service contract on their Refrigerators and who timely submit a valid Claim for Additional Warranty Protection under Section 5.1 of the Settlement Agreement, shall have until the final day of the  period of their Additional Warranty Protection (one year from the service contract's expiration date) to submit a Claim for Refrigerator Exchange.

5.3    **Reimbursement:**

5.3.1    GE shall reimburse Settlement Class Members for the reasonable cost of Moisture-Related Service Calls (including parts and labor) charged to the Settlement Class Members by a GE factory service technician, an authorized GE customer care servicer, or a firm or technician that holds a business license, or is otherwise demonstrably qualified to perform major appliance service and repair work.  The costs to be reimbursed under this Section 5.3.1 must have been incurred and paid by the Settlement Class Members between the date of purchase of their Refrigerators and the Notice Date.  To obtain the Benefit under this Section 5.3.1, a

Settlement Class Member must submit to the Claims Administrator within 90 days from the Notice Date (the Claim Deadline for Reimbursement) a properly completed and executed Claim Form containing the following required proof: (a) receipt(s), invoice(s), or purchase order(s) that clearly identify the product(s) or service(s) purchased for the purpose of resolving a Moisture-Related Problem (credit card statements will not be acceptable unless they identify the product(s) purchased and/or service(s) performed) and (b) a certification attesting, under penalty of perjury, that the costs to be reimbursed were incurred in an attempt to repair Moisture-Related Problems and identifying the date(s) on which each expenditure was incurred.  Payments to Settlement Class Members hereunder shall not be made until after the Effective Date.

    5.3.2  GE shall reimburse Settlement Class Members whose Refrigerator required three or more unsuccessful Moisture-Related Service Calls between the date of purchase of the Refrigerator and December 9, 2005, and who, because of Moisture-Related Problems, have replaced their Refrigerator during the period from the date of purchase of the Refrigerator until December 9, 2005, for the reasonable cost of the replacement refrigerator unit up to the amount of the purchase price of the original Refrigerator.  To obtain the Benefit under this Section 5.3.2, a Settlement Class Member must submit to the Claims Administrator within 90 days from the Notice Date (the Claim Deadline for Reimbursement) a properly completed and executed Claim Form containing the following required proof: (a) receipt(s), invoice(s), or purchase order(s) that clearly identify the product(s) or service(s) purchased for the purpose of resolving a Moisture-Related Problem (credit card statements will not be acceptable unless they identify the product(s) purchased and/or service(s) performed); (b) receipt(s),

invoice(s) or purchase order(s) that clearly identify the replacement refrigerator (credit card statements will not be acceptable unless they identify the product(s) purchased); and (c) a certification attesting, under penalty of perjury, that the Settlement Class Member's Refrigerator required three or more unsuccessful Moisture-Related Service Calls during the period running from the date of purchase of the Refrigerator until December 9, 2005, that the Settlement Class Member purchased the replacement product to replace a Refrigerator suffering from Moisture-Related Problems, that the Settlement Class Member disposed of the Refrigerator, that the Refrigerator is no longer in service, and that the Refrigerator still had a Moisture-Related Problem at the time of disposal. Payments to Settlement Class Members hereunder shall not be made until after the Effective Date.

## 6. <u>CLAIMS ADMINISTRATION</u>

6.1     GE shall take all reasonable steps to administer the Claims of the Settlement Class. Settlement Class Counsel shall have the right to monitor Claims Administration and review data related to Claims Administration.

6.2     GE shall provide quarterly reports to Settlement Class Counsel that specify the number of claims for Benefits by category as well as the Benefits provided to Settlement Class Members, and that contain other material information that the parties mutually deem appropriate and that is agreed to by GE and Plaintiff.

## 7. <u>NOTICE TO THE SETTLEMENT CLASS</u>

7.1     Upon Preliminary Approval, and subject to Section 3 of this Agreement and as the Court may direct, Notice shall be provided describing the Fairness Hearing and this Agreement to

be provided to Settlement Class Members as provided in the Notice Plan, attached hereto as Exhibit B.

7.2     The Notice shall advise Settlement Class Members of their rights, including the right to opt out of the Class or file an objection to the Settlement.  The Notice shall provide that any objection to this Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Fairness Hearing, only if, on or before a date to be specified in the Notice (the Objection Date), the Person making an objection shall file with the Clerk of the Court notice of his or her intention to object.  Any objection to this Agreement must include:

(1)     Sufficient proof to determine membership in the Settlement Class;

(2)     A statement of each objection asserted;

(3)     A detailed description of the facts underlying each objection;

(4)     A detailed description of the legal authorities supporting each objection;

(5)     A statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection; and

(6)     A list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of such exhibits.

Any Settlement Class Member who does not make and serve a written objection in the manner prescribed above will be deemed to have waived any objections.  A copy of any objection must also be mailed to Scott Wm. Weinstein, WEINSTEIN BAVLY & MOON, P.A., 2400 First Street, Suite 303, Ft. Myers, FL 33901, and Edward M. Waller, Jr. and Charles Wachter,

FOWLER WHITE BOGGS BANKER P.A., 501 East Kennedy Blvd., Suite 1700, Tampa, FL 33602, postmarked by midnight on or before the date specified in the Notice (the Objection Date).

8.      **OPT OUT RIGHTS**

8.1      A Settlement Class Member may opt out of the Settlement Class at any time during the Opt Out Period.  In order to exercise the opt out right, the Settlement Class Member must complete and return a Request For Exclusion to the Claims Administrator during the Opt Out Period and by the Opt Out Deadline.  Except for those Settlement Class Members who have properly opted out, all Settlement Class Members will be deemed a Settlement Class Member for all purposes under this Agreement.  Any Settlement Class Member who elects to opt out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be affected by this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The Request For Exclusion must be personally signed by the Settlement Class Member requesting exclusion.

8.2      The Settlement Class Member requesting exclusion from the Settlement Class must submit a Request for Exclusion (containing his/her/its signature) by mail to the Claims Administrator stating: (1) the Settlement Class Member's name, address, and telephone number; (2) the model number and serial number of the Refrigerator which the Settlement Class Member purchased, owns and/or owned; and (3) a statement that the Settlement Class Member wishes to be excluded from the Settlement Class.

8.3     The Claims Administrator shall provide Class Counsel and GE's counsel with copies of all completed Requests For Exclusion within three (3) business days after expiration of the Opt Out Period.

## 9.     RIGHT OF WITHDRAWAL

9.1     In the event that one thousand (1000) or more Settlement Class Members opt out of the Settlement Class pursuant to Section 8 of this Agreement, GE shall have the right to withdraw from this Agreement.  If GE elects to exercise such withdrawal right, it must do so no later than twenty (20) days after the end of the Opt Out Period.  In the event that GE exercises its withdrawal right, GE shall promptly notify Class Counsel and direct the Claims Administrator to notify the Settlement Class, by, at a minimum, mailing information to those Settlement Class Members who provided a mailing address to the Claims Administrator.  Except as provided in Section 12 hereof, GE shall bear all costs incurred in connection with implementation of this Agreement and shall not seek to recover any costs from Class Counsel or any Settlement Class Member in the event of withdrawal under this Section 9.

## 10.     EXCLUSIVE REMEDY; DISMISSAL OF ACTION;<br>JURISDICTION OF COURT

10.1     This Agreement shall be the sole and exclusive remedy for any and all Settled Claims of all Settlement Class Members against the Released Parties.  No Released Party shall be subject to liability or expense of any kind to any Settlement Class Member with respect to any Settled Claim.  Upon entry of the Final Order and Judgment pursuant to the Fairness Hearing, each of the Settlement Class Members shall be barred from initiating, asserting or prosecuting any Settled Claim(s) against any Released Party, except that any individual Settlement Class

Member who opts out of the Settlement Class pursuant to this Agreement shall retain whatever rights the Settlement Class Member may have had against the Released Parties.

10.2    GE and Plaintiff agree that the Court shall retain exclusive and continuing jurisdiction of the Action, GE, Plaintiff, Settlement Class Members and the Claims Administrator to interpret and enforce the terms, conditions, and obligations under this Agreement.

## 11.    RELEASES

11.1    Upon entry of the Final Order and Judgment, each Releasing Party shall be deemed to and does hereby release and forever discharge each Released Party of and from any and all Settled Claims.

## 12.    CLASS COUNSEL FEES, COSTS AND EXPENSES

12.1    Subject to Court approval, GE has agreed to pay attorneys' fees, costs and expenses to Class Counsel in the total amount of $1,325,000 as follows:

(a)    $1,250,000 for fees, costs, expenses, and interest allocable to work performed and costs and expenses incurred prior to the Effective Date and payable within thirty (30) days after the Effective Date;

(b)    $50,000 for fees allocable to work performed after the Effective Date and payable thirty (30) days after all Benefits have been provided to Settlement Class Members pursuant to Section 5 above; and

(c)    $25,000 for actual out-of-pocket costs, expenses, and interest, if any, incurred after the Effective Date and payable thirty (30) days after all Benefits have been provided to Settlement Class Members pursuant to

Section 5 above.  Class Counsel shall provide actual invoices to document such out-of-pocket costs and expenses.

12.2.   Class Counsel agrees that (a) the fees, costs, and expenses set out in this Section 12 are in full and fair settlement of any claim for fees, costs, and expenses, for any activity related to the litigation, settlement, consultation, administration of the Settlement, review, and oversight related to all Claims, Benefits, and provisions referenced in this Agreement, (b) Class Counsel shall not seek any award of fees, costs or expenses in addition to or in excess of the amounts set out in section 12.1 and (c) GE shall not be required to pay any award of fees, costs, expenses, or interest in addition to or in excess of the amounts set out in section 12.1, whether sought by Class Counsel or by any other counsel acting on behalf of any Settlement Class Member.

**13.   <u>REPRESENTATIONS AND WARRANTIES</u>**

13.1   GE represents and warrants: (a) that it has all requisite corporate power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (b) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of GE; and (c) that this Agreement has been duly and validly executed and delivered by GE and constitutes its legal, valid and binding obligation.

13.2   Plaintiff and Class Counsel represent and warrant that they have the authority to enter into and execute this Agreement and to consummate and perform the transactions

contemplated herein; that this Agreement has been duly executed and delivered by them in good faith; and that it constitutes a legal, valid and binding obligation.

## 14.   DISPUTE RESOLUTION PROVISION

14.1   GE and Plaintiff shall use reasonable efforts to agree on a Special Master to be proposed to and appointed by the Court if disputes arise hereunder.  If GE and Plaintiff are unable to agree upon the proposed Special Master, the Court shall appoint the Special Master from a list of potential Special Masters jointly recommended by GE and Plaintiff.

14.2   The Special Master shall resolve any disputes between the parties to this Agreement regarding the terms and conditions of this Agreement and/or the parties' rights under this Agreement.  Any decision by the Special Master shall be subject to review *de novo* by the Court upon request of GE and/or Plaintiff.

## 15.   MISCELLANEOUS PROVISIONS

15.1   In addition to any Benefit under the Settlement, and in recognition of his efforts on behalf of the Settlement Class, the Settlement Class Representative shall receive an award of $1,500.00, subject to Court approval, as compensation for his time and effort serving as Settlement Class Representative in this Action.  The Settlement Class Representative agrees not to seek or accept any amount in excess of the amount contained herein.

15.2   This Agreement, including all exhibits hereto, shall constitute the entire agreement between GE and Plaintiff with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings between GE and Plaintiff with respect to the subject matter of this Agreement.  This Agreement may not be changed, modified, or amended except in writing signed by both GE and Class Counsel, subject

to Court approval.  GE and Plaintiff contemplate that the exhibits to this Agreement may be modified by subsequent Agreement of GE and Class Counsel prior to dissemination to the Settlement Class.

15.3    This Agreement shall be construed under and governed by the laws of the State of Florida, applied without regard to laws applicable to choice of law.  This Agreement may be executed by GE and Plaintiff in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

15.4    Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by GE to Plaintiff and/or Settlement Class Members or by Plaintiff and/or Settlement Class Members to GE shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to GE to the attention of GE's Counsel and to Class Counsel on behalf of Settlement Class Members, or to other recipients as the Court may specify.

15.5    Plaintiff and GE acknowledge that they participated in the negotiation and drafting of this Agreement, and that no provision in this Agreement shall be construed against or interpreted to the disadvantage of either party by any court, or any governmental or judicial authority, by reason of such party having or being deemed to have structured, dictated or drafted such provision.

## 16.    <u>TERMINATION OF THIS AGREEMENT</u>

16.1    This Agreement shall, without notice, be automatically terminated if the proposed Final Order and Judgment is not entered, if the Final Order and Judgment is reversed on appeal

and the reversal becomes final, or in the event of GE's withdrawal pursuant to Section 9 of this Agreement.  Upon termination, GE and Plaintiff shall be restored to their respective positions as immediately prior to the date of execution of this Settlement Agreement except as otherwise provided.  Consistent with this Section, upon termination, any activity or obligation that GE may have undertaken pursuant to this Agreement shall no longer be binding on GE, and GE shall no longer be obligated to provide any Benefit hereunder.  The provisions of this Section 16.1 notwithstanding, the provisions of Section 2.2 and 2.3 hereof shall survive any termination of this Agreement and remain binding on the parties hereto.

16.2    Notwithstanding any other provision of this Agreement, if this Agreement is terminated, GE hereby stipulates and agrees that Plaintiff may pursue his claims and those of the putative Class by moving for class certification.  In that event, GE will not object to the addition or substitution of class representatives, if proposed by Plaintiff.  Plaintiff agrees that GE may oppose class certification on any and all other grounds nunc pro tunc without prejudice from the existence of this Agreement, and shall pursue all legal remedies and defenses to the Claims.

## 17.    **CONFIRMATORY DISCOVERY**

17.1    GE hereby agrees that within sixty (60) days of the Order granting Preliminary Approval of the Settlement, it shall provide to Plaintiff, upon request, and solely in connection with implementation of the Settlement Agreement or the administration thereof, information concerning and relevant to the scope of the Settlement Class and the Claims thereof pursuant to the terms of a Confidentiality and Protective Order.

18.   **AUTHORITY TO SIGN**

18.1   Any individual signing this Agreement on behalf of any Person represents and

warrants that he or she has full authority to do so.

18.2   Facsimile signatures shall be considered valid signatures as of the date hereof,

although the original signature pages shall thereafter be appended to this Agreement.


IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be executed
by itself or on its behalf by its duly authorized representatives, all as of the day set forth below.

Dated: December 9, 2005                    GENERAL ELECTRIC COMPANY


                                           _____
                                           Hal N. Bogard
                                           Senior Litigation Counsel
                                           GE Consumer & Industrial
                                           Appliance Park
                                           Louisville, Kentucky 40225



Dated: December 9, 2005                    _____
                                           Edward M. Waller, Jr.
                                           Charles Wachter
                                           Fowler White Boggs Banker, P.A.
                                           501 East Kennedy Boulevard
                                           Suite 1700
                                           Tampa, FL
                                           Telephone: (813) 228-7411
                                           Facsimile: (813) 229-8313

                                           Counsel for General Electric Company

Dated: December 9, 2005

_____
William F. Turner,
individually and on behalf
of the Settlement Class


**CLASS COUNSEL**

Dated: December 9, 2005

_____
Scott Wm. Weinstein
Weinstein, Bavly & Moon, P.A.
2400 First Street
Suite 303
Ft. Myers, FL 33901
Telephone: (239) 334-8844
Facsimile: (239) 334-1289

Gary E. Mason
The Mason Law Firm, P.C.
1225 19th Street, NW, Suite 500
Washington, D.C. 20038
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294

Alexander E. Barnett
The Mason Law Firm, P.C.
P.O. Box 230758
New York, NY 10023
Telephone: (212) 362-5770
Facsimile: (917) 591-5227

Jonathan W. Cuneo
Charles J. LaDuca
Cuneo Gilbert & LaDuca, L.L.P.
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813

William M. Audet
Alexander Hawes & Audet, L.L.P.
300 Montgomery Street
Suite 400
San Francisco, CA 94104
Telephone: (415) 921-1776
Facsimile: (415) 576-1776

Counsel for Plaintiff and the Settlement
Class