IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

WILLIAM F. TUNER, on behalf of
himself and all others similarly
situated,

        Plaintiffs,

vs.                   Case No.  2:05-cv-186-FtM-33DNF

GENERAL ELECTRIC CO.,

        Defendant.

_____/

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL AND SETTLEMENT CLASS REPRESENTATIVE, APPROVING FORM OF CLASS NOTICE AND SCHEDULING FAIRNESS HEARING**

On this 22nd day of December, 2005, the Court considered Plaintiff's Motion for Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Appointment of Settlement Class Counsel and Settlement Class Representative, Approval of Class Notice and Scheduling of Fairness Hearing (Doc. # 54) which was filed on December 12, 2005.

Plaintiff and Defendant General Electric Company ("GE") have entered into a Settlement Agreement, attached to Plaintiff's Motion (Doc. # 54), as Exhibit A, incorporated herein by reference, which settles and resolves all of Plaintiff's and Settlement Class Members' claims against GE in this Action. After consideration of same, the Court finds as follows:

IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1.   This Court finds that the Settlement Class as proposed in the Settlement Agreement meets all of the requirements for certification of a settlement class under Rule 23 of the Federal Rules of Civil Procedure.   Accordingly, the Court conditionally certifies the following Settlement Class:

> All Persons in the fifty United States and District of Columbia who, as of the Notice Date, purchased, owned and/or currently own a Refrigerator.[1]   Excluded from the Settlement Class are: (1) GE and any entity in which GE has a controlling interest or which has a controlling interest in GE, and the legal representatives, assigns and successors of GE; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of the Settlement Agreement, properly execute and timely file a Request for Exclusion with the Claims Administrator under Section 8 of the Settlement Agreement.

Any certification of a preliminary or final Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, evidence and/or an admission on the part of GE that this Action, or any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar

---

[1] "Refrigerator" is a defined term in the Settlement Agreement.  The Refrigerators included within this Settlement are listed by model and serial number on Exhibit A to the Settlement Agreement (Doc. # 53).

class action statute or rule.   Entry of this Order is without prejudice to the rights of GE to: (a) oppose certification in this Action, should the Settlement not be approved or implemented for any reason (including, but not limited to, termination or the exercise of withdrawal rights by GE); (b) oppose class certification in any other proposed or certified class action; (c) use the certification of a Class in the Action to oppose certification of any other proposed or existing class relating to or purporting to assert any Settled Claim(s); or (d) terminate the Settlement Agreement as provided therein.

2.   For purposes of the Settlement, the Court provisionally finds that Plaintiff is designated as Settlement Class Representative and is found to be an adequate representative. Counsel for the Settlement Class, Scott Wm. Weinstein, Weinstein, Bavly & Moon, P.A., 2400 First Street, Suite 303, Ft. Myers, FL 33901,  Gary E. Mason, The Mason Law Firm, P.C., 1225 19th Street, NW, Suite 500, Washington, D.C. 20038, Alexander E. Barnett, The Mason Law Firm, P.C., P.O. Box 230758, New York, NY 10023, Jonathan W. Cuneo and Charles J. LaDuca, Cuneo Gilbert & LaDuca, L.L.P., 317 Massachusetts Avenue, N.E., Suite 300, Washington, D.C. 20002, and William M. Audet, Alexander Hawes & Audet, L.L.P., 221 Main Street, Suite 1460, San Francisco, CA 94105 are found to be experienced and skilled attorneys capable

of adequately representing the Settlement Class and are approved as Settlement Class Counsel.

3.      The Court has reviewed the Settlement Agreement and preliminarily approves the Settlement and finds the Settlement reasonable, adequate, just, and fair, and further finds that Notice to members of the Settlement Class is warranted followed by a full hearing at which final approval of the Settlement will be considered.

4.      For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

| | | |
|---|---|---|
| "Notice Date" (date by which dissemination of Notice must have begun) | = | January 13, 2006 |
| "Opt-Out Deadline" (deadline for post-marking and serving Request for Exclusion) | = | 60 days from Notice Date March 14, 2006 |
| "Objection Date" (deadline for post-marking, filing and serving written objections) | = | 60 days from Notice Date March 14, 2006 |
| "Claim Deadline for Additional Warranty Protection" (deadline for post-marking and mailing Claims for Additional Warranty Protection) | = | 90 days from Notice Date April 13, 2006 |
| "Claim Deadline for Refrigerator Exchange" (deadline for post-marking and mailing Claims for Refrigerator Exchange) | = | 1 year from Notice Date January 12, 2007 (**NOTE:** persons with an existing service contract who have |

| | | |
|---|---|---|
| | | timely made a valid Claim for Additional Warranty Protection, have one year from the service contract's expiration date) |
| "Claim Deadline for Reimbursement" (deadline for post-marking and mailing Claims for Reimbursement) | = | 90 days from Notice Date April 13, 2006 |

5.     The Court reserves the right to amend the forms and notices approved by this Order as may be required to be consistent with the Settlement and any subsequent orders that the Court may enter in connection with the Notice, Opt-Out, and Objection procedures, Claims Administration, or other matters related to the Settlement.

6.     Non-substantive changes and changes necessary to correct any inconsistency between the approved forms and the Settlement Agreement may be made by the mutual agreement of Settlement Class Counsel and GE's Counsel.

7.     The parties have proposed a plan for giving Notice to the Settlement Class of the Settlement.   Notice shall be disseminated by direct mail to all Settlement Class Members for whom street addresses can be obtained with reasonable effort. Notice shall also be disseminated by publication on the Internet at the following web address: www.geappliances.com/classaction,

and publication of Summary Notice in *Parade, USA Weekend, People, Better Homes & Gardens,* and *Reader's Digest informing Settlement Class Members that* Notice may be obtained by calling 1-866-839-4463, or by writing to GE at GE Moisture Class Settlement, 2670 Executive Drive, Suite A, Indianapolis, IN 46421.

8.      The Notice shall advise Settlement Class Members of their rights, including the right to opt-out and/or object to the Settlement or its terms.   The Notice shall provide that any objection to the Settlement, and any papers submitted in support of said objection, shall be considered by the Court at the Fairness Hearing, only if, on or before the Objection Date, the Person making objection shall file with the Clerk of the Court notice of his or her intention to object.   Any objection to the Settlement must include:

    (1)  Sufficient  proof  to  determine  membership  in  the
         Settlement Class;

    (2)  A statement of each objection asserted;

    (3)  A detailed description of the facts underlying each
         objection;

    (4)  A  detailed  description  of  the  legal authorities
         supporting each objection;

    (5)  A statement of whether the objector intends to appear
         and argue at the Fairness Hearing and, if so, how long
         the  objector  anticipates  needing  to  present  the
         objection;

(6)   A list of the exhibits which the objector may offer
during the Fairness Hearing, along with copies of such
exhibits.

Any Settlement Class Member who does not make and serve their written objection in the manner prescribed in the Notice will be deemed to have waived any objections.  A copy of any objection must also be mailed to Scott Wm. Weinstein, Weinstein, Bavly & Moon, P.A., 2400 First Street, Suite 303, Ft. Myers, FL 33901 and Edward M. Waller, Jr. and Charles Wachter, Fowler White Boggs Banker P.A., 501 East Kennedy Boulevard, Suite 1700, Tampa, FL 33602, postmarked by midnight on the Objection Date.

9.    The Court approves, as to both form and content, the Claim Form (Exhibit C to the Settlement Agreement) and the Notice Plan (the Notice Plan containing the Notice and Summary Notice is Exhibit B to the Settlement Agreement), and finds that the Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.  The Court finds that the Notice is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto, and complies fully with the requirements of the Constitution of the United States, and any other applicable law. Accordingly, on or before the Notice Date, Settlement Class Counsel or their designees shall commence dissemination of Notice

7

per the Notice Plan contained within Exhibit B to the Settlement Agreement.

10.    At or before the Fairness Hearing, Settlement Class Counsel shall file with the Court a proof of publication of the Summary Notice.

11.    The Court hereby approves and adopts the procedures, deadlines, forms, and manner governing all requests to be excluded from the Settlement Class and to opt-out of the Settlement Class as provided for in the Settlement Agreement. Without limiting the generality of the foregoing: (a) any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class shall be included in such Settlement Class and shall be bound by all the terms of the Settlement, if it is finally approved, whether or not such person has objected to the Settlement or has made a Claim; (b) Settlement Class Members who timely and validly elect to opt-out shall be excluded from the Settlement and from the Settlement Class, even if the Settlement is finally approved and the Settlement Class is confirmed as a certified class; (c) Settlement Class Members who request to be excluded from the Settlement Class and to opt-out are required to submit to the Claims Administrator a signed Request for Exclusion that states: (1) the Settlement Class Member's name, address, and telephone

number; (2) the model number and serial number of the Refrigerator which the Settlement Class Member purchased, owns and/or owned; and (3) a statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (d) Settlement Class Members who elect to opt-out must exercise the opt-out right by mailing the written and signed Request for Exclusion to the Claims Administrator by the Opt-Out Deadline set by this Court in this Order; (e) any Settlement Class Member who does not timely submit a properly completed Request for Exclusion by the Opt-Out Deadline shall be a Settlement Class Member and shall be bound by the terms of the Settlement and the terms of the Final Order and Judgment (if this Court finally approves same), provided that, in order to obtain the Benefits of the Settlement, a Settlement Class Member must timely submit a Claim Form as provided in Section 5 of the Settlement Agreement.

12.   GE, GE's Counsel and Settlement Class Counsel shall preserve all Claim Forms and any and all related documents and/or written communications from Settlement Class Members until March 1, 2007, or pursuant to further order of the Court. All such materials shall be available at all reasonable times for inspection and copying by Settlement Class Counsel and GE's Counsel.

13.   Any Settlement Class Member may enter an appearance in the Action, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's choice.   Any such appearance shall be served on or prior to the date of its filing, on Settlement Class Counsel.   Any Settlement Class Member who does not enter an appearance will be represented by Settlement Class Counsel.

14.   The Fairness Hearing will be held on **April 27, 2006 at 10 a.m.** to determine whether to finally approve the Settlement. Settlement Class Members who have timely filed an objection may then and there appear and show cause why the Settlement should not be approved as fair, reasonable, and adequate; or why the proposed Final Order and Judgment should or should not be entered thereon; or why attorneys' fees and expenses should or should not be awarded to Settlement Class Counsel; or why incentive awards should or should not be paid to the Plaintiff; provided, however, no Settlement Class Member shall be entitled to contest or object to the Court's decision on any of the foregoing matters unless that Person has (a) no later than the Objection Date filed written objections and any supporting documentation, papers and briefs with the Clerk of the United States District Court for the Middle District of Florida, Ft. Myers Division and (b) mailed or delivered copies of such objections, documentation, papers, and

briefs no later than the Objection Date to Settlement Class Counsel and GE counsel.  In order to be considered for hearing, all objections must be filed with the Court by March 14, 2006 and postmarked to Settlement Class Counsel and GE Counsel no later than midnight March 14, 2006.  Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement, to the award of attorneys' fees and expenses to Settlement Class Counsel, and to any payment of incentive awards to the Plaintiff.

15.   At the Fairness Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses, or any application for incentive awards to the Plaintiff shall be approved.

16.   All costs incurred in connection with publishing the Notice to the members of the Settlement Class and all reasonable and necessary expenses incurred in administering the Settlement shall be paid by GE, as provided by the terms of the Settlement Agreement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiff nor his counsel shall have any obligation to pay any

such costs incurred but unpaid, or to repay any amounts actually and properly disbursed.

17.    The findings and rulings in this Order are made solely for the purposes of Settlement and may not be cited or otherwise used to support the certification of any contested class or subclass in this Action or any other action.

18.    If logistical problems arise from implementation of this Order, then the parties shall bring them to the attention of this Court for resolution by subsequent order of this Court.

19.    The Clerk of the Court is authorized, directed and ordered to sign and date the Notice (contained within Exhibit B to the Settlement Agreement) approved by this Order, with such modifications as may be authorized by this Order.

20.    After consideration by this Court of issues relating to comity and the complexity of this Action, the Court finds that simultaneous proceedings in other forums relating to the claims in the Action would significantly impede the conduct of the litigation. The existence of competing actions would jeopardize this Court's ability to rule on the Settlement, would substantially increase the cost of litigation, would create risk of conflicting results, would waste Court resources, and could prevent Plaintiff and the Settlement Class Members from benefiting from any negotiated settlement.

21.     Accordingly, GE and each of the Settlement Class Members hereby are made subject to the exclusive jurisdiction and venue of this Court for any suit, action, proceeding, case, controversy, or dispute regarding any Settled Claim(s), the Settlement Agreement and exhibits hereto and performance or breach of same.   All Settlement Class Members and persons in privity with them, including all persons represented by them, are barred and enjoined from commencing or continuing any suit, action, proceeding, case, controversy, or dispute relating to: (1) a Refrigerator with a Moisture-Related Problem, as those terms are defined within the Settlement Agreement; (2) the Settlement Agreement and exhibits hereto; and (3) performance or breach of same.   Such Persons are further barred and enjoined from seeking to raise any objections or challenges to the Settlement, in any state or federal court or other body other than the United States District Court for the Middle District of Florida, Ft. Myers Division.

22.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement, with such modification as

may be agreed to by GE and the Plaintiff, if appropriate, without further notice.

23.    If the Settlement is not approved by the Court or is not consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the status quo ante and rights of GE and the Plaintiff as they existed prior to the date of execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 22nd day of December 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record

14