FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION   06 AUG -4  PM 1:46

| | |
|---|---|
| WILLIAM TURNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. 2:05-CV-186-FtM-33DNF<br>MIDDLE DISTRICT OF FLORIDA<br>FT. MYERS, FLORIDA |

## BRENT DAVIS' OBJECTION TO PROPOSED SETTLEMENT AND OBJECTION TO APPLICATION FOR ATTORNEYS' FEES

**To The Honorable Judge:**

Comes Now Brent Davis ("Objector"), and files this Objection to the Proposed Settlement and Objection to Application for Attorneys' Fees and would show as follows:

### 1. Objector

Brent Davis purchased Refrigerator Model SS25KFMD WW, Serial Number GD214280. The parties have already admitted that he is a member of the class because they sent him notice of the class action settlement.

Objector intends to appear at the final settlement hearing through his attorneys. He anticipates needing no more than 30 minutes to present his objections. At this time Objector does not intend to offer exhibits during the hearing, but he reserves the right to amend this response in the future.

### 2. Objector Asserts His Rights as a Party

Objector hereby asserts his status as a party to this proceeding under the U.S. Supreme Court's opinion in *Devlin v. Scardelletti*, 536 US 1 (2002). Objector asserts his rights as a party for all purposes, including, but not limited to, the right to: object to the settlement, appeal a decision approving the settlement, receive notice of all hearings, receive copies of all filings by the Settling Parties, and participate as a party at all hearings and conferences with the Court in this case.

### 3. Objections to Settlement

3.1. The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement, because it requires class members who (1) GE already knows are class members and (2)

desire to receive additional warranty protection to file a claim to receive any benefits. GE already knows the identity of many class members because they registered with GE, made a warranty claim, or purchased an extended warranty. After all, that is how GE knew to whom to send notice of the class action settlement. Thus, for class members like Objector, GE already knows they are class members and, based on the settlement, are already entitled to the extended year warranty relief. There is no reason to make them file a claim, other than to cut off their rights if they fail to file a claim by September 4, 2006.

3.2. The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement, because it requires class members who (1) GE has not identified as class members and (2) desire to receive additional warranty protection to file a claim to receive any benefits. If the class members are objectively ascertainable, as they must be for the Court to certify the class, then there is no reason for these class members to file a claim. If they are a member of the class, they are automatically entitled to this relief. There is nothing they need to prove or attest to in a claim form, as is evidenced by the fact that the claim form for this relief, unlike the other claim forms, does not include an attestation clause. They could simply show that they are a member of the class by doing so when they file a claim. There is no reason to make them file a claim, other than to cut off their rights if they fail to file a claim by September 4, 2006.

3.3. The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement, because the additional warranty period covers time in the past, before class members (1) had the right to make an extended warranty claim and (2) before they had notice of the right to make an extended warranty claim. The "extra year" of warranty protection rums from January 13, 2006 to January 12, 2007. The settlement will not be approved, if at all, until at least August 21, 2006. The right to make the warranty claim does not exist until the approval is final, which is at least thirty days after that. Thus, class members could not know that they had warranty protection, and had legal right to warranty protection, during the time between January 13, 2006 and the final approval of the settlement. Thus, there is no real "extra year" of warranty protection at all.

3.4. The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement and the application for attorneys' fees, because the proposed fees are excessive. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate. The proposed fees are excessive in relation to the benefits being provided to the class. The alleged "extended year" of warranty coverage which applies to the vast majority of class members is not really being provided under the terms of the settlement, as shown above. Thus, the benefits to the class of the settlement are substantially below those assumed by class counsel and the parties as a basis for the award of attorneys fees. The Court should deny the request.

Class Counsel have not filed its Application for Attorneys' Fees. Thus, Objectors are unable to provide specific objections to the request, or provide facts and legal argument in response to the request, and hereby reserve the right to assert additional facts and legal argument at the final fairness hearing.

Wherefore, Objector prays that the Court disapprove the proposed settlement, deny the application for attorneys' fees, grant Objectors party status in this proceeding, and grant Objectors such other and further relief as to which it may be entitled.

Respectfully submitted,

MICHAEL F. KAYUSA, ESQUIRE

By: _____
Michael F. Kayusa
FBN 472433
P.O. Box 6096
Fort Myers, FL  33911
(349) 334-8200
(239) 334-2899

LOCAL COUNSEL

Jeffrey L. Weinstein
Jeffrey L. Weinstein, P.C.
Texas State Bar No. 2109645
518 East Tyler Street
Athens, Texas 75751
903/677-5333
903/677-3657 – facsimile

**ATTORNEYS FOR OBJECTOR**

## CERTIFICATE OF SERVICE

A copy of the foregoing has been delivered to the following persons on August 4, 2006:

Scott Wm. Weinstein
Weinstein Bavly & Moon, PA
2400 First Street, Suite 303
Ft. Myers FL 33901

___ hand delivered/courier
___ certified mail, return receipt requested
_✓_ first class mail
___ facsimile

Edward M. Waller, Jr., Charles Wachter
Fowler, White Boggs Banker P.A.
501 East Kennedy Blvd. Suite 1700
Tampa FL 33602

___ hand delivered/courier
___ certified mail, return receipt requested
_✓_ first class mail
___ facsimile

_____
Michael F. Kayusa