**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

| | |
|---|---|
| **WIILIAM F. TURNER, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY,**<br><br>**Defendant.** | **CASE NO.: 2:05-CV-186-FtM-33DNF** |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF ATTORNEYS' FEES AND SETTLEMENT CLASS REPRESENTATIVE INCENTIVE AWARD**

Plaintiff submits this supplemental memorandum in support of his motion for final approval of the Settlement reached in this litigation.[1]

Defendant General Electric Company ("GE") makes a wide variety of household appliances, including refrigerators, which it markets and sells under both the "GE" and "Hotpoint" brand names. Certain of these GE and Hotpoint, side-by-side refrigerators sizes twenty, twenty-two, and twenty-five cubic foot models made between January 1, 2001 and December 31, 2002 (the "Refrigerators") are the subject of this proposed Settlement.[2]

---

[1] On April 17, 2006, Plaintiff filed Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72) as well as the accompanying Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2). Plaintiff hereby incorporates herein that motion and memorandum in support thereof and all accompanying exhibits and affidavits.

[2] The complete list of Refrigerators is attached as Exhibit A to the Settlement Agreement, which was, in turn, attached as Exhibit A to Plaintiff's Motion for Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Appointment of Settlement Class Counsel and Settlement Class Representative, Approval of Class Notice, and Scheduling of Fairness Hearing. (Docket No. 54).

Plaintiff entered into the Settlement Agreement with GE only after protracted, arms-length negotiations. The Settlement Agreement with GE settles and resolves all of Plaintiff's and Settlement Class Members' claims against GE in this Action.[3]

The Settlement is fair, reasonable and adequate and satisfies all of the criteria for final settlement approval. Plaintiff, by his attorneys, therefore, and for the reasons set forth in Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2), respectfully moves the Court to finally approve the Settlement, to certify the Settlement Class, to approve Plaintiff's petition for a fee award and to approve Plaintiff's petition for an incentive award for the named class representative.

## BACKGROUND

On December 12, 2005, Plaintiff filed Plaintiff's Motion for Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Appointment of Settlement Class Counsel and Settlement Class Representative, Approval of Class Notice and Scheduling of Fairness Hearing (Docket No. 54). *See* Stipulation Regarding Supplemental Notice (Docket No. 79) at 1.

On December 22, 2005, the Court granted Preliminary Approval of the Settlement, conditionally certified the Settlement Class, appointed Settlement Class Counsel and Settlement Class Representative, approved the Notice Program enumerated therein and scheduled a Fairness Hearing. *Id.*

---

[3] Unless otherwise specified, capitalized terms are defined in the Settlement Agreement.

On January 12, 2006, Notice of the Settlement was disseminated to the Settlement Class as follows:

(a) <u>Direct-Mail Notice</u>: GE sent a Class Notice and a Claim Form by first-class mail to 445,464 Class Members for whom it had street addresses. All addresses were run through the "National Change of Address Database" or other similar service prior to sending the direct-mail Class Notice;

(b) <u>Publication Notice</u>: GE placed ads containing the Summary Notice in the following newspaper supplements and consumer magazines:

(i) A two-fifths-page ad placed twice in *Parade*, with a circulation of 33,900,000. *Parade* is carried in the Sunday edition of 351 newspapers and is the highest circulating publication in the United States. Carrier newspapers serve major urban and suburban markets in the United States;

(ii) A two-fifths-page ad placed once in *USA Weekend*, with a circulation of 23,040,509. *USA Weekend* is carried in the weekend edition of 608 daily newspapers in major markets complementing the U.S. markets served by *Parade*;

(iii) A one-half-page ad placed once in *People* magazine, a weekly publication with a national circulation of 3,779,640;

(iv) A one-half-page ad placed once in *Better Homes & Gardens,* a monthly publication with a national circulation of 7,634,170;

(v) A full-page ad placed once in *Reader's Digest*, a monthly publication with a circulation of 10,128,943;

(c) <u>Web Site Notice</u>: GE created and promoted a web page located at *www.geappliances.com/classaction* to provide Class Members with information about the settlement, including the Settlement Agreement, the Class Notice, the Claim Form and relevant contact information, all of which may be downloaded.

*Id.* at 2.

Pursuant to the Order Preliminarily Approving the Settlement, the deadline to submit a Request for Exclusion from the Settlement ("Opt-Out Deadline") or to object to the Settlement ("Objection Date") was March 14, 2006. As of the Opt-Out Deadline and the Objection Date, only four objections had been filed and only 192 Requests for Exclusion had been submitted. By contrast, more than 52,000 Claim Forms had been submitted to the Claims Admininstrator. *Id*.

On April 27, 2006, the parties appeared before the Court to hear Plaintiff's Motion for Final Approval of the Settlement that had been filed in this Action. *Id.* at 3.

At the April 27, 2006 hearing, Plaintiff William Turner appeared and offered testimony in support of Final Approval of the Settlement. No objectors appeared to object to the Final Approval of the Settlement. *Id.*

At the hearing, the parties also notified the Court that the Notice Plan that had been approved by the Court at the Preliminary Approval Hearing had been carried out and that more than 450,000 Settlement Class Members nationwide had been sent Notice of the Settlement via direct mail either as part of the original Notice Plan mailing or as a result of Settlement Class Members having contacted GE and requesting that Notice be mailed to them. *Id*. At that time, the Court indicated that the efforts to provide Notice to the Settlement Class were "above and beyond the call of duty as to what's required" and that "both sides went out of their way to try to

provide notification to the members of the class, . . . ." *See Turner et al. v. General Electric Co.*, No. 2:05-CV-186-FTM-33 DNF (M.D. Fla., Ft. Myers Division) (Hernandez Covington, J.) Transcript at 21, 27 (Attached hereto as Ex. A)

However, at the hearing, GE advised the Court that an unknown number of potentially identifiable Settlement Class Members might not have received Notice by direct mail. These Settlement Class Members are persons who purchased Refrigerators that are subject to the Settlement, but who did not return a product registration card to GE, did not make a request for repair to GE and did not purchase an extended service contract from GE, but who, nevertheless, may be identifiable. Accordingly, the Court continued the Fairness Hearing to allow time for Notice to be sent to these other Settlement Class Members. *See* Stipulation Regarding Suplemental Notice (Docket No. 79) at 4.

  A. <u>**The Supplemental Notice Program**</u>

Thereafter, GE searched its databases and was able to compile a list of Settlement Class Members who purchased Refrigerators that are subject to the Settlement, but who did not return a product registration card to GE, did not make a request for repair to GE and did not purchase an extended service contract from GE (collectively, the "Supplemental Mailing List."). *See* Affidavit of Jeffrey Hume (Attached hereto as Ex. B), ¶¶ 4-5.

On May 23, 2006, the parties filed a Stipulation Regarding Supplemental Notice (Docket No. 79), in which they stipulated that GE, beginning on June 6, 2006, would send a Class Notice and Claim Form by first-class mail to all persons on the Supplemental Mailing List. This additional mailing of Notice was denominated the "Supplemental Notice Program," and the

Notice disseminated pursuant to the Supplemental Notice Program was to be referred to as the "Supplemental Notice."  *See* Stipulation Regarding Supplemental Notice (Docket No. 79) at 4.

On May 24, 2006, the Court entered an Order Approving and Ratifying Stipulation Regarding Supplemental Notice (Docket No. 81).  Pursuant to that May 24, 2006 Order, the Settlement Class Members on the Supplemental Mailing List were to receive the Supplemental Notice and were subject to the following dates and deadlines:

| | | |
|---|---|---|
| "Supplemental Notice Date" (date by which dissemination of Supplemental Notice Program must have begun) | = | June 6, 2006 |
| "Supplemental Opt-Out Deadline" (deadline for post-marking and serving Request for Exclusion pursuant to Supplemental Notice Program) | = | 60 days from Supplemental Notice Date: August 5, 2006 |
| "Supplemental Objection Date" (deadline for post-marking, filing and serving written objections pursuant to Supplemental Notice Program) | = | 60 days from Supplemental Notice Date: August 5, 2006 |
| "Supplemental Claim Deadline for Additional Warranty Protection" (deadline for post-marking and mailing Claims for Additional Warranty Protection pursuant to Supplemental Notice Program) | = | 90 days from Supplemental Notice Date: September 4, 2006 |
| "Supplemental Claim Deadline for Refrigerator Exchange" (deadline for post-marking and mailing Claims for Refrigerator Exchange pursuant to Supplemental Notice Program) | = | January 12, 2007 (1 year from original Notice Date) (**NOTE:** persons with an existing service contract who have timely made a valid Claim for Additional Warranty Protection, have one year from the service contract's expiration date) |
| "Supplemental Claim Deadline for Reimbursement" (deadline for post-marking and mailing Claims for Reimbursement pursuant to Supplemental Notice Program) | = | 90 days from Supplemental Notice Date: September 4, 2006 |
| Fairness Hearing | = | August 21, 2006, 1:30 pm |

Pursuant to the Stipulation and Order, mailing of the Supplemental Notice began on June 6, 2006.  *See* Supplemental Affidavit of Ken Edwards ("Supplemental Edwards Aff.") (Attached hereto as Ex. C), ¶ 4.  The Supplemental Notice advised Settlement Class Members of their rights, including the right to opt-out and/or object to the Settlement or its terms.  In the mailing with the Supplemental Notice, GE included a Claim Form.  Between June 6, 2006 and August 11, 2006, 263,822 Supplemental Notices (and Claim Forms) were mailed to persons on the Supplemental Mailing List or others who requested the Supplemental Notice.  *See Id.* ¶¶ 3-5.

Thus, between the original Notice Plan and the Supplemental Notice Program, 707,490 Notices or Supplemental Notices were mailed to Settlement Class Members.  *See Id.* ¶ 7.

In addition, GE revised the Web Page it had created pursuant to the original Notice Plan so as to reflect the new dates and deadlines that were established in the Order Ratifying and Approving Stipulation Regarding Supplemental Notice.  *See* Supplemental Affidavit of Veena Damodar ("Supplemental Damodar Aff.) (Attached hereto as Ex. D), ¶ 3.  Since the January 12, 2006 launch of the Web Page, the Web Page has received approximately 43,455 page views.  *Id.* ¶ 4.

### B. Claims Administration

As of the date of the filing of this brief, 64,013 Claims have been submitted to the Claims Administrator.  *See* Supplemental Edwards Aff. (Ex. C), ¶ 9.  And, since the Supplemental Notice was disseminated, Class Counsel have responded by telephone and email to hundreds of queries from Settlement Class Members with regard to the Settlement.  *See* Declaration of Scott Wm. Weinstein in Support of Plaintiff's Supplemental Memorandum in Support of Plaintiff's

Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award ("Weinstein Decl.") (Attached hereto as Ex. E), ¶ 2.  Where those Settlement Class Members have encountered difficulties in filling out or submitting a Claim, Class Counsel have worked with GE to assist these Settlement Class Members in making their Claims.  *Id.*

### C. Requests for Exclusion

The Supplemental Notice provided that Settlement Class Members on the Supplemental Mailing List who wanted to be excluded from the Settlement Class and to opt-out of the Settlement were required to submit to the Claims Administrator a signed Request for Exclusion stating: (1) the Settlement Class Member's name, address, and telephone number; (2) the model number and serial number of the Refrigerator which the Settlement Class Member purchased, owns and/or owned; and (3) a statement that the Settlement Class Member wished to be excluded from the Settlement Class.  Settlement Class Members on the Supplemental Mailing List who elected to opt-out had to exercise the opt-out right by mailing the written and signed Request for Exclusion to the Claims Administrator by the Supplemental Opt-Out Deadline (August 5, 2006).

Twenty-six persons submitted timely Requests for Exclusion subsequent to the mailing of the Supplemental Notice.[4]  *See* Supplemental Edwards Aff. (Ex. C), ¶ 10.

Any Settlement Class Member subject to the deadlines set forth in the Order Ratifying and Approving Stipulation Regarding Supplemental Notice who did not timely submit a properly completed Request for Exclusion by the Supplemental Opt-Out Deadline is a Settlement Class

---

[4] There were only 192 Requests for Exclusion submitted as of the original Opt-Out Deadline.  *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award at 11-12 (Docket No. 72-2).

Member and is bound by the terms of the Settlement and the terms of the Final Order and Judgment (if this Court finally approves same), provided that, in order to obtain the Benefits of the Settlement, such Settlement Class Member must timely submit a Claim Form pursuant to the deadlines set forth above and in the Court Order Approving and Ratifying Stipulation Regarding Supplemental Notice.

Any Settlement Class Member subject to the deadlines set forth in the Order Ratifying and Approving Stipulation Regarding Supplemental Notice who timely and validly elected to opt-out is excluded from the Settlement and from the Settlement Class, even if the Settlement is finally approved and the Settlement Class is confirmed as a certified class.

### D. Objections

The Supplemental Notice provided that any objection to the Settlement, and any papers submitted in support of said objection, would be considered by the Court at the Fairness Hearing on August 21, 2006, only if, on or before the Supplemental Objection Date (August 5, 2006), the Person making objection filed with the Clerk of the Court notice of his or her intention to object, and so long as the objection to the Settlement included:

(1) Sufficient proof to determine membership in the Settlement Class;

(2) A statement of each objection asserted;

(3) A detailed description of the facts underlying each objection;

(4) A detailed description of the legal authorities supporting each objection;

(5) A statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection;

(6) A list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of such exhibits.

The Supplemental Notice also provided that any Settlement Class Member on the Supplemental Mailing List who did not make and serve their written objection in the manner prescribed in the Supplemental Notice would be deemed to have waived any objections. The Supplemental Notice provided, in addition, that a copy of any objection had to be mailed to Scott Wm. Weinstein, Weinstein, Bavly & Moon, P.A., 2400 First Street, Suite 303, Ft. Myers, FL 33901 and Edward M. Waller, Jr. and Charles Wachter, Fowler White Boggs Banker P.A., 501 East Kennedy Boulevard, Suite 1700, Tampa, FL 33602, postmarked by midnight on the Supplemental Objection Date (August 5, 2006).

### E. **Brent Davis' Objection to Proposed Settlement and Objection to Application for Attorneys' Fees**

Only one objection -- Brent Davis' Objection To Proposed Settlement and Objection to Application for Attorneys' Fees -- was received after the Supplemental Notice was mailed.[5] Class Counsel gave this objection serious consideration; however, review of the objection reveals that: it did not meet the requirements prescribed in the Supplemental Notice; it seems to be based, at least in part, upon a misunderstanding of the Settlement; and it contains serious misstatements and misrepresentations about the litigation and the record in this case.

As noted above, any Settlement Class Member subject to the deadlines set forth in the Order Ratifying and Approving Stipulation Regarding Supplemental Notice who wished to object had to file and serve a timely objection, which was to include, among other things: a

---

[5] There were only 4 objections to the Settlement received as of the original Objection Date. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award at 11-12. (Docket No. 72-2). The Vermont Attorney General did request additional information concerning the Settlement. *See* Supplemental Affidavit Concerning Notification of Attorneys General (Attached hereto as Ex. F), ¶¶ 3-4. However, no Attorney General has objected to the Settlement. *Id.* at ¶ 5.

detailed description of the legal authorities supporting each objection. *See* Stipulation Regarding Supplemental Notice (Docket No. 79) at 4-5. Mr. Davis' objection, however, certainly does not contain a detailed description of the legal authorities supporting each of his objections (listed in paragraphs 3.1 through 3.4 of his Objection). Therefore, his objections must be deemed waived.

Moreover, the facts of this litigation and the facts surrounding Mr. Davis' claim do not support his objections. Mr. Davis has enumerated three objections: (1) that Settlement Class Members were given insufficient time to file a Claim for Additional Warranty Protection; (2) that Settlement Class Members "could not know that they had warranty protection, and had legal right to warranty protection, during the time between January 13, 2006 and the final approval of the settlement;" and (3) that Settlement Class Counsel's fees are excessive. When examined, each of these objections fails.

To begin, Mr. Davis acknowledges that he has received Notice of the Settlement. While Mr. Davis does not state when he received Notice, his assertion that Settlement Class Members have until September 4, 2006 to file a Claim for Additional Warranty Protection suggests that he was on the Supplemental Mailing List and was a recipient of the Supplemental Notice.[6] And, given that he filed his objections on August 4, 2006, it is evident that Mr. Davis had received the Supplemental Notice by that date. This, in turn, means that Mr. Davis himself had at least one month to make a Claim for Additional Warranty Protection, which was more than ample time to submit a Claim. Indeed, Mr. Davis apparently had enough time since receipt of the Supplemental Notice to: (a) review the Supplemental Notice; (b) review the Claim Form; (c) locate, confer with and hire counsel; (d) provide counsel with sufficient time to review the record

---

[6] As an aside, Plaintiff notes that if Mr. Davis received the original Notice by direct-mail, he was subject to the deadlines contained therein, and his objections now would be untimely.

11

in this litigation,[7] review Mr. Davis' records, and prepare and file an objection. Thus, for Mr. Davis to suggest that he did not have sufficient time to submit a Claim for Additional Warranty Protection rings hollow.[8]

Obviously, Plaintiffs would have preferred to settle on terms whereby there was no deadline for filing Claims, and Claims could be submitted at anytime during the negotiated extended warranty period. But such an outcome was not realistic. Settlement negotiations in this litigation were protracted, arms-length and often contentious; however, throughout, GE maintained that it was not prepared to offer a Settlement that would, in essence, amount to unlimited exposure for the company. Thus, the parties negotiated to a point of compromise, resulting in this Settlement – a fair, reasonable, and adequate one – that provides, real, tangible and substantial benefit to the Settlement Class.[9]

As courts throughout the nation, including those in this Circuit, have continuously stressed, it should not "be forgotten that compromise is the essence of settlement." *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977). As a result, in evaluating the terms of the compromise in relation to the likely benefits of a successful trial, "the trial judge ought not try the case in the settlement hearings," nor should the court "make a proponent of a proposed settlement 'justify each term of the settlement against a hypothetical or speculative measure of

---

[7] As will be discussed below, neither Mr. Davis nor his counsel appear to have fully reviewed the record in this litigation. For if they had, they certainly would not have averred that "Class Counsel have not filed its Application for Attorneys' Fees." Davis Objection at 2. Indeed, a quick review of Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2) would have demonstrated to them that the Application for Attorneys' Fees was part of that memorandum.

[8] Mr. Davis, similarly, has failed to enumerate one example of a Settlement Class Member who was denied Additional Warranty Protection on the basis that a Claim was submitted after a relevant deadline.

[9] Trial would not necessarily have provided a better outcome for Settlement Class Members. There were real risks inherent in this litigation, including, but not limited to: statute of limitations and other legal defenses that GE would have asserted.

what concessions might have been gained . . . .'" *Id.* To the contrary, "the court must be mindful that 'inherent in compromise is a yielding of absolutes and an abandonment of highest hopes.'" *Ruiz v. McKaskle,* 724 F.2d 1149, 1152 (5th Cir. 1984); *see also Young v. Katz,* 447 F.2d 431, 433 (5th Cir. 1971) (explaining that a mini-trial on the underlying merits for purposes of approving a settlement "'would emasculate the very purpose for which settlements are made'") (citation omitted).

Moreover, courts have consistently stressed that in evaluating a settlement in light of the risk of continued litigation, the district court "is entitled to rely upon the judgment of experienced counsel for the parties." *Cotton,* 559 F.2d at 1330; *see also Behrens v. Wometco Enterprises, Inc*., 118 F.R.D. 534, 539 (S.D. Fla. 1988) ("The court can rely upon the judgment of experienced counsel and, absent fraud, 'should be hesitant to substitute its own judgment for that of counsel.'") (citation omitted). "Courts have consistently refused to substitute their business judgment for that of counsel, absent evidence of fraud or overreaching." *In re King Res. Co. Sec. Litig.,* 420 F. Supp. 610, 625 (D. Colo. 1976). Here, Settlement Class Counsel negotiated the best position for the Settlement Class that was possible. The Court should not now substitute its own judgment – or that of Mr. Davis – for Settlement Class Counsel's judgment.

In addition, "'[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is inadequate; there is no reason why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.'" *Manners v. American General*

*Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22880 at * 57 (M.D. Tenn. Aug. 10, 1999) at *57 (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 463-64 (2d Cir.1982) (Attached hereto as Ex. G); *see also* Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2).  Thus, while Plaintiff and Settlement Class Members and Settlement Class Counsel may have wanted an open-ended, unlimited Claims period, such an outcome was not realistic, and the fact that it was not obtained does not mean that the Settlement is inadequate.

Mr. Davis' second objection similarly fails.  He contends that he and other Settlement Class Members "could not know that they had warranty protection, and had legal right to warranty protection, during the time between January 13, 2006 and the final approval of the settlement" and thus are not receiving a full year of Additional Warranty Protection.  This assertion simply is untrue.

GE began dissemination of Notice of this Settlement on January 12, 2006. *See* Affidavit of Veena Damodar (Docket No. 72-6), ¶¶ 3-4; Affidavit of Ken Edwards (Docket No. 72-7), ¶ 13 (Exhibits 3 and 4, respectively to Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2)).  Although the Supplemental Notice was not mailed to those on the Supplemental Mailing List until June 6, 2006, more than 445,000 Settlement Class Members received direct mail Notice beginning in January 2006, *See* Edwards Aff. (Docket No. 72-7), ¶ 13 (Exhibit 4 to Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement

Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2)), and all Settlement Class Members received Notice by publication beginning in January 2006.  As the Court previously stated, that Notice effort was "above and beyond the call of duty."  Thus, it cannot be said – especially with the mailing of the Supplemental Notice – that Settlement Class Members were unaware of their rights.

Moreover, it is untrue to state that Settlement Class Members had to wait until final approval to receive the benefits of the Settlement.  From the very first date that Notice was first published – January 12, 2006 -- GE has been receiving and processing Claims.  *See* Affidavit of Jim Gothard ("Gothard Aff.") (Attached hereto as Ex. H), ¶ 3.

In addition, Plaintiff notes that Mr. Davis has failed to state the facts of his own particular situation.  He has not revealed, for instance, whether he already has made a Claim and for what relief he may have made such a Claim.  For example, if Mr. Davis has had three or more unsuccessful Moisture-Related Service Calls, and his Refrigerator still has a Moisture-Related Problem, he would be eligible for a replacement refrigerator, which would, in essence, moot out any need for Additional Warranty Protection for his current Refrigerator.

Finally, Mr. Davis objects that Settlement Class Counsels' fees are excessive.  He bases this assertion on two faulty underpinnings: (a) that the only benefit provided to the Settlement Class is Additional Warranty Protection; and (b) that Settlement Class Counsel have not filed their application for attorneys' fees.

First of all, it is completely false that Settlement Class Counsel have not filed their application for attorneys' fees.  That application is expressly and explicity contained within Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement,

15

Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2) at 26-37.

As Settlement Class Counsel demonstrate in that application -- through recitation of fact and application of relevant caselaw -- the fee requested herein is eminently reasonable. Indeed, the Additional Warranty Protection benefit alone would merit the fees requested by Settlement Class Counsel, if not more. But that benefit is not the only benefit provided. The Settlement also calls for Reimbursement and Refrigerator Exchange. When taken together, the value of these benefits far outstrips the requested fee, and make that fee eminently reasonable.[10]

Mr. Davis' objections are ill-taken and unfounded. His objections should be overruled and should not stand in the way of approval of this Settlement.

## CONCLUSION

The Fairness Hearing is scheduled to be held on August 21, 2006 at 1:30 p.m. to determine whether to finally approve the Settlement. Given the scarcity of objection to the Settlement (only 4 objections received prior to the original Objection date and one objection received since the mailing of the Supplemental Notice) and given the reasons set forth in Plaintiff's Memorandum in Support of Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Settlement Class Representative Incentive Award (Docket No. 72-2) and the reasons set for the herein, it is clear

---

[10] GE already has sent out 61,765 letters authorizing Additional Warranty Protection for Settlement Class Members. Gothard Aff. (Ex. H), ¶ 4. GE also has provided, without charge to Settlement Class Members, 13,423 new refrigerators. *Id.* ¶ 6. Assuming that these refrigerators have a minimum retail list price of $999.00 (*see* http://www.sears.com/sr/javasr/subcat.do?BV_UseBVCookie=Yes&vertical=APPL&cat=Refrigerators&subcat=Side-by-Side+Refrigerators&keyword=GE), the total retail value of the replacement refrigerators provided to date is: $13,409,577.00. In addition, Plaintiff notes that GE already has expended $1,893,214 for Moisture-Relate Service calls and product replacements. *Id.* ¶ 5. And, finally, Plaintiff notes that the cost of the notice by publication in the various periodicals was approximately $1 million.

that the Settlement should be approved as fair, reasonable, and adequate; the proposed Final Order and Judgment should be entered thereon; attorneys' fees and expenses should be awarded to Settlement Class Counsel; and incentive award should be paid to the Plaintiff.

Dated: August 11, 2006                                          Respectfully submitted,

                                                                                             /s/
Alexander E. Barnett
The Mason Law Firm, P.C.
One Pennsylvania Plaza
Suite 4632
New York, NY 10119
Telephone: (212) 362-5770
Facsimile: (917) 591-5227
Email: abarnett@masonlawdc.com

Scott Wm. Weinstein
Weinstein, Bavly & Moon, P.A.
2400 First Street
Suite 303
Ft. Myers, FL 33901
Telephone: (239) 334-8844
Facsimile: (239) 334-1289
Email: scott@weinsteinlawfirm.com

Gary E. Mason
The Mason Law Firm, P.C.
1225 19th Street, NW, Suite 500
Washington, D.C. 20038
Telephone:  (202) 429-2290
Facsimile:   (202) 429-2294
Email: gmason@masonlawdc.com

        Jonathan W. Cuneo
        Charles J. LaDuca
        Cuneo Gilbert & LaDuca, L.L.P.
        317 Massachusetts Avenue, N.E.
        Suite 300
        Washington, D.C. 20002
        Telephone: (202) 789-3960
        Facsimile: (202) 789-1813
        Email: jonc@cuneolaw.com
             charlesl@cuneolaw.com

        William M. Audet
        Alexander Hawes & Audet, L.L.P.
        221 Main Street
        Suite 1460
        San Francisco, CA 94105
        Telephone: (415) 921-1776
        Facsimile: (415) 576-1776
        Email: waudet@alexanderlaw.com

        Counsel for Plaintiff and the Settlement Class