FILED

IN THE UNITED STATES DISTRICT COURT 06 AUG 14 PM 3: 24
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| In re WILLIAM F. TURNER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>    Defendant. | CASE NO.: 2:05-CV-186-FtM-33 DNF |

**CATHERINE T. CANNIVET'S OBJECTIONS TO APPROVAL OF SETTLEMENT AGREEMENT, APPROVAL OF APPOINTMENT OF LEAD SETTLEMENT CLASS COUNSEL, APPROVAL OF SETTLEMENT CLASS REPRESENTATIVE, AND APPROVAL OF ATTORNEYS' FEES**

Comes Now Catherine Cannivet ("Objector"), and files this Objection as follows:

**1. Objector**

Catherine Cannivet purchased General Electric Refrigerator Model GSS22KGMB WW, Serial Number GA253871. The parties have already admitted that she is a member of the class because they sent her notice of the class action settlement. Objector intends to appear *Pro Se* at the final settlement hearing. She anticipates needing no more than 30 minutes to present her objections. At this time Objector is prepared to furnish exhibits during the hearing at the Court's request..

**2. Objections to Settlement**

    2.1. Objector objects to the approval of this settlement because General Electric has a financial incentive to fail to locate and notify class members. The notification process continues to be flawed and insufficient. Missing service records combined

with missing databases renders the notification process inadequate and therefore the settlement is not fair, reasonable, or adequate.

**2.2.** Objector objects to the approval of this settlement because such sweeping releases from complaints/claims not asserted in the class action, will strip away my right and the rights of the settlement class to file complaints with appropriate state and federal authorities for Defendant's acts of unlawful behavior including but not limited to racketeering, fraud, conspiracy, consumer fraud, negligent misrepresentation and omission, and intentional misrepresentation and omission. Certain unlawful acts that the Defendant engaged in were never purported by class counsel to be represented in the complaint as a claim.

**2.3.** Objector objects to the approval of this settlement because the settlement's over-broad release strips class members' defenses and claims with respect to claims that have yet to accrue, be realized, or brought because certain events, giving rise to a right and a claim, may not yet have occurred. Some class members have not yet experienced a breakdown, flood, food loss, repair, etc., and have no knowledge of the lawsuit (because of inadequate notification).

**2.4.** Objector objects to the approval of this settlement because General Electric's role as administrator of its own notification program and claims processing is tantamount to granting General Electric free license for deciding whether class members qualify for benefits and is operating to the disadvantage of class members. General Electric is redefining and rewriting the definition of moisture-related

problems and repairs, and has a financial incentive to determine that class members do not qualify for settlement benefits.

3. **Objection to Approval of Appointment of Lead Settlement Class Counsel**

    **3.1.** Objector objects to the approval of the appointment of Lead Settlement Class Counsel because he failed to fairly and adequately represent and litigate the interests and claims of Objector and other class members.

        **3.1.1.** Lead Settlement Class Counsel failed to negotiate inclusion of protective clauses and monitoring mechanisms to insure proper administration of the notification process and claims administration program.

        **3.1.2.** Lead Settlement Class Counsel ignored information provided to him by Settlement Class Representative before the original complaint was filed with the Court that strongly suggested Plaintiff's inappropriate status as Settlement Class Representative.

        **3.1.3.** On April 27, 2006 during the Fairness Hearing, Lead Settlement Class Counsel represented to the Court that I was not a member of the Class. Despite two written requests to Lead Settlement Class Counsel for clarification of his opinion of my status as a class member, he has refused to confirm or correct his previous representation to the Court.

        **3.1.4.** As of this date, Lead Settlement Class Counsel has not responded to me or answered my questions thereby jeopardizing my right to take necessary and appropriate action in a prompt manner in order to protect my interests.

**3.2.** Objector objects to the approval of the appointment of Lead Settlement Class Counsel because as of August 3, 2006 he has not availed himself of certain facts and evidence readily available in the public record.

**3.2.1.** A 2500+ page report with evidence in the custody of the Florida Attorney General, Office of Economic Crimes Unit.

**3.2.2.** A 550 page complaint report filed with the Federal Trade Commission.

**3.2.3.** A 550 page complaint report filed with Florida Department of Agriculture and Consumer Services.

**3.3.** Lead Settlement Class Counsel has ignored electronic and telephonic communications and deliberately avoided receipt of questions, information, and evidence that may have and could have a direct effect on any settlement agreement entered into or approved by this Court. Concealment of material facts and information relative to the class action may influence, obstruct, and impede the ability of the Court to assess and determine the appropriateness of approving the lawsuit and the settlement agreement.

**4.    Objection to Approval of Appointment of Settlement Class Representative**

**4.1.** Objector objects to the appointment of Settlement Class Representative because he failed to publicly disclose to Settlement Class Members his past business and political relationships and encounters with the Defendant, which renders his representation of the class questionable. A conflict of interest appears to be present.

**5.    Objection to Approval Of Attorneys' Fees**

**5.1.** Objector objects to the Approval of Attorneys' Fees because Settlement Class

Counsel failed to fairly and adequately represent and litigate in the best interests of the Class. Class Counsels' inadequate representation has resulted in the vast majority of class members being placed in a far worse position than they would have been, had the litigation never been brought in the first place.

6. **Conclusion**

For the foregoing reasons, this Objector submits that approval of the Settlement Agreement, approval of the Appointment of Lead Settlement Class Counsel, approval of the Settlement Class Representative, and approval of Attorneys' Fees is not fair, adequate, or reasonable. In light of the significant benefits that *should* be available to the class members under the terms of this Settlement Agreement, *actual* disparate treatment of the class members dramatically highlights just how bad the class action settlement is for the vast majority of the class members who are getting almost nothing, but losing all of their claims and defenses. This class action settlement is in need of a serious overhaul, from the discovery process, to the negotiation of the compromise agreement and settlement terms, to the performance of the notification process, and to the administration of the claims process including the distribution of benefits (or lack thereof) to the class members.

Dated: August 14, 2006                    Respectfully submitted,

*[signature]*

Catherine T. Cannivet
Pro Se
3995 Upolo Ln
Naples, FL 34119
(239) 592-5454
(239) 592-5858 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing to be furnished by facsimile (except for Mr. Bogard) and U.S. mail to the following counsel this 14th day of August 2006.

**Counsel for Plaintiff**

Scott W. Weinstein
Weinstein, Bavly & Moon, P.A.
2400 First Street, Suite 303
Fort Myers, FL 33901
Facsimile: (239) 334-1289

Gary E. Mason
The Mason Law Firm, P.C.
1225 19th Street, N.W., Suite 500
Washington, D.C. 20038
Facsimile: (202) 429-2294

Alexander E. Barnett
The Mason Law Firm, P.C.
One Pennsylvania Plaza, Suite 4632
New York, NY 10119
Facsimile: (917) 591-5227

Jonathan W. Cuneo
Charles J. LaDuca
Cuneo, Gilbert & LaDuca, L.L.P.
317 Massachusetts Avenue, N.E., Suite 300
Washington, D.C. 20002
Facsimile: (202) 789-1813

William M. Audet
Alexander Hawes & Audet, L.L.P.
221 Main Street, Suite 1460
San Francisco, CA 94105
Facsimile: (415) 576-1776

**Counsel for Defendant**

Edward M. Waller, Jr.
Fowler White Boggs & Banker, P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL 33601
Facsimile: (813) 229-8313

Hal N. Bogard
Senior Litigation Counsel
GE Consumer & Industrial
Appliance Park
Building 2-225
Louisville, KY 40225
Telephone: (502) 452-3395
Facsimile: Unavailable
Sent via USPS 1st Class Mail only

_/s/ Catherine T. Cannivet_
Catherine T. Cannivet
Pro Se