UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:05-CV-186-FTM-33DNF

WILLIAM F. TURNER, on Behalf of Himself and All Others Similarly Situated,

Plaintiffs,

vs.

GENERAL ELECTRIC CO.,

Defendant.

Fort Myers, Florida
April 27, 2006
10:00 A.M.

TRANSCRIPT OF FAIRNESS HEARING

BEFORE THE HONORABLE VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

FOR THE PLAINTIFFS:

SCOTT W. WEINSTEIN, ESQ.
JORDAN CHAIKIN, ESQ.
2400 First Street, Suite 303
Fort Myers, Florida 33901
239/334-1289

ALEXANDER E. BARNETT, ESQ.
The Mason Law Firm
Post Office Box 230758
New York, New York 10023
202/408-4600

GARY E. MASON, ESQ.
The Mason Law Firm
1225 19th St. N.W., Suite 500
Washington, DC 20036
202/429-2290

Case 2:05-cv-00186-JA-DNF Document 86-2 Filed 08/11/2006 Page 2 of 10



FOR THE DEFENDANT: EDWARD M. WALLER, ESQ.
Fowler White Boggs & Banker
501 East Kennedy Boulevard
Suite 1700
Tampa, Florida 33602
813/222-01136

ALSO PRESENT: AL BOGARD, ESQ.
GE Senior Litigation Counsel

REPORTED BY: R. JOY STANCEL, RMR-CRR
Federal Official Court Reporter
U.S. Courthouse
2110 First Street
Fort Myers, Florida 33901
239/461-2064

(Call to Order of the Court)

THE COURT: We're here on the fairness hearing in William Turner versus General Electric. We have Mr. Barnett representing the plaintiff in this case, class action, and we have Mr. Wachter and others for General Electric. And I'm sorry you all had to wait. Sometimes we get a little delayed.

MR. WALLER: Present for GE.

THE COURT: We have a number of counsel here. I'm not sure I have all of your names, so I'm just going to ask you, I know I recognize some of you from the prior hearings but if you can, just stand and tell me your name, and we'll start with the plaintiff.

MR. WEINSTEIN: Scott Weinstein representing the plaintiff.

MR. MASON: Good morning, Your Honor. I was on the telephone last conference, Gary Mason, Mason Law Firm, Washington, D.C.

MR. BARNETT: I'm Alexander Barnett for the plaintiffs, also from the Mason Law Firm.

MR. CHAIKIN: Jordan Chaikin for the plaintiff.

THE COURT: Are the three of you from the Mason law firm?

MR. BARNETT: Just the two of us.

THE COURT: Just the two of you. The gentleman on

4

the end, what law firm are you with?

MR. CHAIKIN: Weinstein.

THE COURT: Weinstein, okay. All right, and for the defense?

MR. WALLER: Edward Waller from the Fowler White firm in Tampa for defendant General Electric, and with me is Al Bogard who is senior litigation counsel for GE from Louisville.

THE COURT: Welcome to all of you who have come from near or Tampa or Washington, D.C. As I said, we're here for a fairness hearing. I received a copy of a pleading -- well, a pleading that was apparently just filed either yesterday or today. I think it was filed today, that I have not had the opportunity to read because it was just -- it was just handed to me. And it appears to be an objection to the settlement, although this is -- this is well past the deadline for objections to be filed. Let me go ahead and hear from the plaintiffs' counsel.

I see there's somebody here who wants to speak and address that. I'll just say it's way past, way past when the deadline was. I don't remember precisely when it came, without looking at my notes here, but it was certainly some months ago. But I'll go ahead and hear from Mr. Weinstein. Do you want to go ahead and address that issue, sir?

MR. WEINSTEIN: Yes. May it please the Court?



THE COURT: Yes, sir.

MR. WEINSTEIN: Your Honor, if you don't mind, I'd like to go a little bit out of order, because I think it's

relevant to what Your Honor just asked about, and sort of introduce, even though it may not be my role to do so, Catherine Cannivet, who is here. I know who Ms. Cannivet is because she and her partner, Nancy Grogin, started an organization called Bring Good Things to Life .org or .com.

MS. CANNIVET: .org. They own .com.

MR. WEINSTEIN: Bring Good Things to Life is GE. I believe it's Ms. Cannivet who handed Your Honor that objection.

MS. CANNIVET: It's not an objection.

THE COURT: Ma'am, you need to wait a minute. He's speaking now, and only one person speaks at a time because the court reporter can't take down two people speaking at a time.

MR. WEINSTEIN: My general position about these ladies is I hold them in very high regard. They really increased the notice plan that we have. What they did was not part of the notice plan, but because of the media attention, the web site that they set up -- and they know how many hits the web site got -- I think the publicity and the information that consumers got was far greater than we possibly could have done. I know that as a fact because I



got inquiries that were sort of referred through these ladies. I certainly believe that the Court -- even though Ms. Cannivet may not have any standing because she's not a member of the class, I take her seriously and I think that she's worthy of being listened to.

I have not seen the letter that she just handed you, other than for a second. She mentioned while we were sitting in the gallery here that she had something for Your Honor. Now, I believe that the letter has something to do with a notice plan.

May I be seated, Your Honor, while I address the Court?

THE COURT: Yes, sure. That would be fine. Do you want a copy of it? We can print one up for you, as well as Mr. Waller. Like I said, I was just handed it five minutes ago and -- or ten minutes ago, and I was in the middle of a sentencing, so it's only now that I can look at it.

Why don't we go ahead and get a copy and you can take a look. Yes, sir, Mr. Waller?

MR. WALLER: I just want to get a copy.

THE COURT: We'll print up copies now. Why don't we take a moment and look at it so we know what we're talking about. I'm going to take a moment to read it, myself. Can we print it? It's document 74 on Case



05-Civil-186, if somebody can look it up on CM/ECF and go ahead and print up a copy for Mr. Weinstein and Mr. Waller.

I'm just going to take a moment now, Mr. Weinstein, and read through this.

(Pause)

THE COURT: I'm just going to note the date for

filing objections in this case was March 14th, 2006, and that was my order that was issued previously. I issued a deadline of March 14th. It's very hard when we're here on April 27th and somebody is six weeks late with an objection, to hand it to us on the morning that we're having a hearing. You know, even a couple of days ago, although it still would have been untimely, would have given us the opportunity to have reviewed this with time, would have given the parties the opportunity to be prepared, to listen to it, to look at it, to listen to the arguments, to look at it, rather than being handed it the moment that a hearing is supposed to begin, is just not the way. It's just not the way things are done.

MR. WEINSTEIN: Ms. Cannivet just whispered to me she does not intend this to be an objection. I don't know what it is. She said she just wished for the Court to read it. I don't speak for her, but that's what --

THE COURT: All right. Well, I'll give her, just since she's here, in the interest of being fair, I'll give



her the opportunity to address the Court in a moment.

All right. Well, I mean, this is seven pages long. For me to really understand this, it would take me more than five minutes to read it, but go ahead, ma'am. I'm sorry, I don't have your name. The lady who has provided this document to the Court, I'm sorry, ma'am, what is your name?

MS. CANNIVET: Catherine Cannivet.

THE COURT: How do you spell your last name?

MS. CANNIVET: C-A-N-N-I-V-E-T.

THE COURT: I-E-T?

MS. CANNIVET: C-A-N-N-I-V-E-T. Is it okay if I address the Court, Your Honor?

THE COURT: Yes, I'll give you a few moments to address the Court. Go ahead.

MS. CANNIVET: I'm in this courtroom today, Your Honor, on behalf of and to speak for hundreds of thousands of American citizens that had no idea that this settlement class even happened.

THE COURT: Well, I don't think you're speaking for them because you're not -- you're not entitled to represent them.

MS. CANNIVET: I understand. But I --

THE COURT: What I want to ask you about is this, and I'm going to give you a few moments, okay, I'll give you



up to five minutes to address the Court. The problem is that you've come here at the very last moment without telling us in advance that you wanted to say something, without having filed something in the records. That's not the way --

MS. CANNIVET: I can explain that.

THE COURT: -- we operate because it's just not --

MS. CANNIVET: I understand, I understand.

THE COURT: -- fair to people. And quite frankly,

Case 2:05-cv-00186-UA-DNF Document 86-2 Filed 05/11/2006 Page 9 of 10



I could right now -- I think I would certainly be within my rights to tell you you didn't timely file this and not give you the opportunity to say anything at all.

MS. CANNIVET: I appreciate that.

THE COURT: So I will briefly, very briefly, give you the opportunity to address this, not on behalf of anybody but yourself, because you do not represent anybody. You represent yourself. You do not have the right to represent anybody other than yourself because you're not -- unless you're a lawyer representing people.

MS. CANNIVET: No, I'm not.

THE COURT: Then you can't represent anybody except yourself.

MS. CANNIVET: I'm just trying to speak for a lot of people I know who are upset about this. I communicate with people constantly by email and phone. April 17th is

10

when the most recent set of court documents were filed with the Court. That gave us a lot of information that we were not aware of until last minute. Primarily, that approximately only 47,000 claim forms had even been filed out of a class estimated that could go as high as a million people.

THE COURT: Let me just -- let me just ask you something, in terms of cutting to the chase. Are you objecting to the settlement or not?

MS. CANNIVET: I'm not objecting to the settlement. I'm asking that a provision or amendment or

some -- something happen here to extend these deadlines. Most people missed these deadlines. Their chance to participate in the settlement is already gone.

THE COURT: All right. Why don't you have a seat, then. You want it extended -- let me just ask you this and then I'm going to ask you to have a seat. You want it extended by what amount of time?

MS. CANNIVET: Deadline at least another 90 days. I don't feel that the notification process was sufficient from what we've been hearing from people. There's people that had models in this suit that had repairs by GE so they should have been in GE's records and they never received claim forms.

THE COURT: If you've been so involved in this



case, why did you not file this before today?

MS. CANNIVET: I've been trying to communicate with the attorneys representing the class and communicate these concerns for a couple weeks. I went to the Attorney General's office with what I knew, and I was directed to go to class counsel, which I did. But my emails this week have been returned. I'm having difficulty communicating and providing the evidence to the class counsel.

THE COURT: The problem is, you've missed the deadline. If you had wanted to do something --

MS. CANNIVET: Oh, I never objected to the settlement. I thought it was a very good, fair adequate