IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| WIILIAM F. TURNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | CASE NO.: 2:05-CV-186-FtM-33DNF |

**PLAINTIFF'S MOTION FOR APPEAL BOND**

Pursuant to Rule 7 of the Federal Rules of Appellate procedure and the Court's inherent power to require the posting of cost bonds and provide for the award of attorneys' fees, Plaintiff William F. Turner ("Turner") hereby moves for an order requiring Objector Brent Davis to post an appeal bond in the amount of $107,000. For the reasons set forth below, Plaintiff's motion should be granted.

**FACTUAL BACKGROUND**

On September 13, 2006, the Court entered an Order granting Plaintiff's motion for Final Approval of the Settlement. *See* Order (Sept. 13, 2006) (Docket #95) (Ex. 1, hereto). Objector Brent Davis has filed the sole appeal. *See* Notice of Appeal (Oct. 6, 2006) (Docket #97) (Ex. 2, hereto).

Davis had objected to the Settlement on the grounds that: (1) it requires that settlement class members file a claim to obtain its benefits; and (2) the additional warranty period is not

really an "extra-year." *See* Order at 16; *see also* Brent Davis' Objection to Proposed Settlement And Objection To Application for Attorneys' Fees (Aug. 4, 2002) ("Davis Objection"),¶ 3.1 (Docket #83) (Ex. 3, hereto),  Davis, though his attorney, Jeffrey Weinstein, appeared at the Final Approval Hearing and was heard by the Court. The Court took his objections under advisement.

Immediately following the hearing, Class Counsel met with Jeffrey Weinstein in the hall outside the courtroom and, shortly afterwards, communicated with him by telephone. Declaration of Scott Weinstein,  ¶ 7 ("S. Weinstein Decl.").  During the course of those meetings, Jeffrey Weinstein stated that he would withdraw his objection if Class Counsel made a donation to a charity he selected. *Id., ¶* 8.

In its September 13, 2006, Order, the Court specifically overruled Davis' objections, finding that the claim-filing requirement "is a reasonable administrative requirement" and that all Class Members had 90 days to claim the Additional Warranty Protection and Settlement Class Members who did so can make claims under the Additional Warranty Protection. *Turner*, 2006 U.S. Dist. LEXIS 65144 at * 20 - 21.

On August 1, 2006, three days before he filed the Davis Objection, Jeffrey Weinstein, on behalf of Sergio O. Villegas, Michael Neill and Sheffia J. Fulmer, filed an objection to the proposed settlement in *In re: The Progressive Corporation Insurance Underwriting and Rating Practices Litigation*, MDL No. 1519 (N.D. Fl.). *See* Objection to Proposed Settlement and Objection to Application for Attorneys' Fees ("Villegas Objection"),  *filed in, In re: The Progressive*, MDL No. 1519 (N.D. Fl.)(Aug. 1, 2006) (Ex. 4, hereto); *see also* Affidavit of Terry Smiljanich ("Smiljanich Aff.") ¶2. One month later, on September 4, 2006, Jeffrey Weinstein, on behalf of Cynthia Balser, filed an objection to a third class action settlement.  *See* Objection to

Proposed Settlement and Application for Attorneys' Fees ("Balser Objection"), filed in, *Robert Lubitz, et al. v. DaimlerChrysler Corporation*, Docket No. BER-L-4883-04 (N.J. Super Ct. Law Div., Bergen Cty.) ("Balser Objection") (Ex. 5, hereto).

*Turner, Lubitz* and *In re: The Progressive* are completely different cases, arising from dramatically different facts[1] and involving disparate groups of plaintiffs' attorneys.[2]

Nevertheless, the objections filed by Jeffrey Weinstein in all three cases are remarkably similar. In all three cases, Weinstein's clients object to the claims procedure.[3] In all three cases, his clients object to the extent the settlement does not provide benefits to class members who cannot show they were harmed by the alleged wrongful conduct.[4] And in all three cases, his clients object to Class Counsel's request for attorneys' fees, using the exact same generic language.[5]

## ARGUMENT

Rule 7 of the Federal Rules of Appellate Procedure empowers a United States District Court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In addition, federal courts possess the inherent power to require the posting of cost bonds and, under certain defined

---

[1] The case at bar involves allegedly defective refrigerators manufactured by GE. In *Lubitz*, the plaintiffs alleges that DaimlerChrysler manufactured certain jeep Wranglers with defective brake rotor assemblies. *In re: The Progressive* arises from insurance rating and underwriting practices.

[2] However, Gary E. Mason serves as Co-lead Counsel in both *Turner* and *Lubitz*.

[3] *See* Balser Objection, ¶ 3.2 (objecting to settlement because claims procedure is "excessively onerous"); Davis Objection,¶ 3.1 (objecting to settlement because it requires class member to file a claim); Villegas Objection, ¶ 3.2 (objecting to settlement because it requires class members to file a claim).

[4] *See* Balser Objection, ¶¶ 3.1 & 3.4 (objecting to settlement because "class members who did not experience pulsation during application of the brakes in their vehicles receive NO benefits under the settlement"; Balser uncertain whether she "incurred out-of-pocket expenses to correct a problem with pulsation of the front disc brakes"); Davis Objection,¶ 3.4 (Davis offers no proof of injury) (Weinstein conceded his client did not have a problem with his refrigerator. *See* S. Weinstein Decl., ¶ 4); Villegas Objection, ¶ 3.7 (objecting to the settlement because class members who "did not have an error in their report or did not have an error that adversely affected their insurance rates" will not be entitled to any payment under the settlement).

circumstances, to provide for the award of attorneys' fees. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002). Because those circumstances exist here, the Court should require Davis to post a bond for costs and attorneys' fees.

### A. The Court Has The Power To Require Davis To Post A Bond Under The Circumstances At Bar.

The Eleventh Circuit in *Pedraza* identified three circumstances in which federal courts have inherent power to assess attorney's fees against counsel. The first exception to the "American Rule" against fee shifting is known as the "common fund exception." This exception allows a court "to award attorneys' fees to a party whose litigation efforts directly benefit others." *Pedraza*, 313 F.3d at 1335. The second exception allows a court to "assess attorney's fee as a sanction for the willful disobedience of a court order." *Id.* Under the third exception, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* Both the first and third exceptions are relevant here.

The "common fund exception" is applicable. Davis purports to be a member of the Settlement Class who has benefited from the work performed by Class Counsel. *See* Davis Objection, ¶ 1. Among the many benefits Class Counsel have obtained for the Class is payment of attorneys' fees. The primary effect of this appeal will be to delay payment of attorneys' fees to Class Counsel.[6] Like most appeals pursued by professional objectors, this appeal will have "no benefit to anyone other than to the objectors." *Barnes v. FleetBoston Fin. Corp.*, 2006 U.S.

---

[5] *See* Balser Objection, ¶ 3.4 (objecting to settlement because the "proposed fees are excessive in relation to the benefits being provided to the class."); Davis Objection,¶ 3.4 (same); Villegas Objection, ¶ 3.7 (same).

[6] Pursuant to the Settlement Agreement, attorneys' fees are not payable until all appeals have become "final." Settlement Agreement, ¶ 12. The benefits available to the Class, however, are not stayed by the appeal. Jeffrey Weinstein is well-aware that his practice of objecting to class action settlements and appealing their approval will delay payments from these settlements. Yet, brazenly (perhaps, more accurately described as an abundance of chutzpah, gumption and/or cheek), he objects to the settlement in *In re Progressive* for failing to provide interest on the claim payments during the period of time it takes for him to pursue an appeal! *See* Villegas Objection, ¶ 3.5 ("If

Dist. LEXIS 71072 at *3 (D. Mass. Aug. 22, 2006) (Ex. 6, hereto).  The class, "on whose behalf the appeal is purportedly raised, gains nothing." *Id.*

The third exemption, for bad faith and vexatious conduct, is also applicable here.  As the record reflects,  Jeffrey Weinstein is either a professional objector or aspiring to become one.  *See* Smiljanich Aff. ¶¶ 3-6 (J. Weinstein attempted to extract from Class Counsel in the *In re Progressive* matter attorney fees and/or charitable contribution in exchange for withdrawal of his objection).  Regardless, his demand for a payment from Class Counsel to a charity of his choice makes clear that he brings this appeal not for the interests of the Settlement Class, nor even for the interests of his client, but for his own interest.  Courts frequently require a bond under these circumstances. *Barnes*, 2006 U.S. Dist. LEXIS 71072 at *3; *see also Sckolnick v, Harlow*, 820 F.2d 13, 15 (1st Cir. 1987).

Weinstein has in quick succession objected to three class settlements on behalf of five persons who each complain that: (1)  the settlements at issue are unfair because they do not provide them with any compensation even though they fail to show any injury as a result of the conduct alleged; (2) a claim form should not be required or is too onerous; and (3) the proposed attorneys' fees are excessive.  All three of these objections are facially frivolous.  First, courts routinely approve settlements despite the fact that some class members might not obtain a benefit.  *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005) (possibility that a small portion of the class may not receive a recovery does not render the settlement unfair, unreasonable or inadequate).  Second, claim forms are routinely used to facilitate the administration of class action settlements.  *See* Newberg on Class Actions (4th ed. 2002) ¶ 11:37 ("In order to participate in the distribution of the settlement fund, class members

---

there is an appeal of the settlement approval . . . the claim members to whom the money is owed should receive the

who have not previously excluded themselves from the class often must file a timely proof of claim."). Third, the objection to attorneys' fees lacks any legal or evidentiary support. "General objections without factual or legal substantiation carry little weight." Newberg, *supra*, at ¶11:58. The frivolous nature of the objections, in combination with Weinstein's blatant attempt to "shake down" Class Counsel, suggests that this appeal is merely vexatious litigation.

Because he is a class member who could benefit from the Settlement, and because his appeal is both vexatious and frivolous, Davis should be required to post a bond to cover the costs of losing the appeal.

### B. The Amount Of The Requested Bond Is Appropriate.

Taxable costs include: (1) the preparation and transmission of the costs of the record; (2) the reporter's transcript; if needed; (3) the premiums paid for a supersedeas bond or other bond preserving rights pending appeal; (4) the fee for filing the notice of appeal; and (5) in the narrowly defined circumstances set forth above, attorneys' fees that may be assessed on appeal. *See* Fed. R. Civ. P. 7; *Pedraza*, 313 F.3d at 1333; *see also In re: Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817 (6th Cir. 2004); *cert denied, Sams v. Hoechst Aktiengesellschaft*, 544 U.S. 1049 (2005); *Barnes*, 2006 U.S. Dist. LEXIS at 71072 * 2; *In re Compact Disc Minimum Advertised Price and Antitrust Litig.*, 2003 U.S. Dist. LEXIS 25788 (D. Me. Oct. 7, 2003)(Ex. 7, hereto).

The bond required here should include $1,000 for the cost of appeal. *See In re: Cardizem*, 391 F.3d at 815 (inclusion of $1,000 in filing and brief preparation costs); S. Weinstein Decl., ¶ 11. This amount should be doubled to $2,000 based on Plaintiff's allegation

---

time value of that money.").

that the appeal is frivolous. Fed. R. App. P. 38; *In re Compact Disc*, 2003 U.S. Dist. LEXIS 25788 at *3.

The bond required here should also include the amount of attorneys' fees the parties will incur on appeal.  Plaintiff estimates appellate attorneys' fees of $30,000.  *See Pedraza*, 313 F.3d at 1328 (anticipated appellate attorneys' fees of $29,000.00 per appellant); S. Weinstein Decl., ¶ 11.

Finally, the bond should include interest on the unpaid attorneys fees. *Barnes*, 2006 U.S. Dist. LEXIS 71072 at * 2 (bond may include costs attendant to delay associated with an appeal); *see also* Villegas Objection, ¶ 3.5 ("If there is an appeal of the settlement approval . . . the claim members to whom the money is owed should receive the time value of that money.").  Plaintiff calculates the amount of interest as follows:  6% interest on attorneys fees of $1,250,000, for one year (assuming the case takes only one year to go through the appellate process).[7]  That amount would be $75,000.

In sum, the bond should be for  $107,000.  This amount is clearly appropriate under all the circumstance of this case.

## **CONCLUSION**

For all of the foregoing reasons, the court should require Objector Davis to post an appellate cost bond in the amount $107,000 to ensure recoupment of the costs of appeal.  A proposed Order is attached hereto.

---

[7] IS THIS THE STATUTORY RATE?

Dated: October 12, 2006                                    Respectfully submitted,

/s/   Alexander E. Barnett
Alexander E. Barnett
The Mason Law Firm, P.C.
One Pennsylvania Plaza
Suite 4632
New York, NY 10119
Telephone: (212) 362-5770
Facsimile: (917) 591-5227
Email: abarnett@masonlawdc.com


Scott Wm. Weinstein
Weinstein, Bavly & Moon, P.A.
2400 First Street
Suite 303
Ft. Myers, FL 33901
Telephone: (239) 334-8844
Facsimile: (239) 334-1289
Email: scott@weinsteinlawfirm.com


Gary E. Mason
The Mason Law Firm, P.C.
1225 19th Street, NW, Suite 500
Washington, D.C. 20038
Telephone:  (202) 429-2290
Facsimile:   (202) 429-2294
Email: gmason@masonlawdc.com


Jonathan W. Cuneo
Charles J. LaDuca
Cuneo Gilbert & LaDuca, L.L.P.
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
Email: jonc@cuneolaw.com
           charlesl@cuneolaw.com

>William M. Audet
>Alexander Hawes & Audet, L.L.P.
>221 Main Street
>Suite 1460
>San Francisco, CA 94105
>Telephone: (415) 921-1776
>Facsimile: (415) 576-1776
>Email: waudet@alexanderlaw.com
>
>Counsel for Plaintiff and the Settlement Class