IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| WILLIAM F. TURNER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>    Defendant. | Case No. 2:05-cv-186-FtM-99DNF |

**OPINION AND FINAL ORDER**

This matter came before the Court on Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, and Approval of Attorneys' Fees and Settlement Class Representative Incentive Awards (Doc. #72-1) filed on April 17, 2006, with a supporting memorandum of law (Doc. #72-2). A fairness hearing was conducted on April 27, 2006 and August 21, 2006. With some modifications, the Court will conditionally grant the motion.

**I.**

On April 29, 2005, Plaintiff filed a Class Action Complaint (Doc. #1) on behalf of himself and all others similarly situated for damages allegedly caused by nine specific models of General Electric Company ("GE") side-by-side refrigerators made between January 1, 2001 and December 31, 2002. Plaintiff alleged that,

1

beginning in January 2001, GE manufactured, marketed, advertised, warranted and sold these refrigerators nationwide. Plaintiff further alleged that these refrigerators contained a defect that may result in: (1) the formation of excessive moisture, especially in the icemaker compartment, which causes, among other things, condensation, moisture, or deterioration; (2) wavering temperature controls; (3) excessive frost; and (4) moisture related problems. These potential problems, plaintiff alleged, may have necessitated repairs of these refrigerators.

After filing the Complaint, Plaintiff, through Class Counsel, engaged in formal and informal discovery, and amended the Complaint several times (Docs. #18, 31, 52) to reflect information gained by Plaintiff through this discovery. The operative pleading is the Third Amended Class Action Complaint (Doc. #52), which alleges a nationwide class involving certain models of GE and Hotpoint refrigerators (the Refrigerators). The Third Amended Complaint sets forth four causes of action: Breach of express warranty, breach of implied warranty, negligence, and unjust enrichment/restitution.

GE and Plaintiff, through their respective counsel and company representatives, also conducted extensive, arms-length negotiations based on the information exchanged by the parties and their examination and investigation of the facts and law relating to the matters set forth in the complaints. This resulted in a proposed Settlement Agreement (Doc. #53) and a consent Motion For

2

Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Appointment of Settlement Class Counsel and Settlement Class Representative, Approval of Class Notice, And Scheduling of Fairness Hearing (Doc. #54). On December 22, 2005, the Court entered an Order (Doc. #60) preliminarily approving settlement, conditionally certifying the settlement class, appointing settlement class counsel and settlement class representative, approving a form of class notice, and scheduling a fairness hearing.

On April 24, 2006, the parties filed a Joint Notice of Receipt of Objections (Doc. #73), attaching objections received regarding the Settlement Agreement. An additional objection was filed by Catherine Connivet, *pro se.* (Doc. #74.)

On April 27, 2006, a fairness hearing was held before the Honorable Virginia M. Hernandez Covington, who has since been assigned to the Jacksonville Division of the Middle District of Florida. The undersigned has read the transcript (Doc. #76) of that hearing. At the hearing it developed that there was a database identifying additional potential class members who might not have received direct-mail notice. The hearing was continued to allow counsel to provide notice to these additional persons. On May 23, 2006, the parties filed a Stipulation Regarding Supplemental Notice (Doc. #79), and on May 24, 2006, the Court entered an Order Approving and Ratifying Stipulation Regarding

Supplemental Notice (Doc. #81). The supplemental notice began on June 6, 2006, and various deadlines were extended.

Additional objections were filed on August 4, 2006 (Doc. #83), August 14, 2006 (Doc. #87), and August 18, 2006 (Doc. #89). Plaintiff filed a Supplemental Memorandum in Support (Doc. #86) of his motion and a Response (Doc. #92) to Catherine Cannivet's objections.

On August 21, 2006, the Court held a continuation of the fairness hearing. The Court heard from counsel for the parties, as well as counsel for an objector and Ms. Cannivet *pro se*.

**II**.

"Public policy strongly favors the pretrial settlement of class action lawsuits." In re United States Oil and Gas Litig., 967 F.2d 489, 493 (11th Cir. 1992). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice. . . ." Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 538 (S.D. Fla. 1988) *aff'd,* 899 F.2d 21 (11th Cir. 1990) (citations omitted).

"In order to approve the settlement agreement, the district court [i]s required to determine that it was fair, adequate, reasonable, and not the product of collusion." Leverso v. Southtrust Bank of Al., Nat. Assoc., 18 F.3d 1527, 1530 (11th Cir. 1994). See also Fed. R. Civ. P. 23(e)(1)(C). The Eleventh Circuit

has outlined several factors useful in determining whether a proposed class action settlement satisfied this standard, including (a) the likelihood of success at trial; (b) the range of possible recovery; (c) the point at or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (d) the complexity, expense, and duration of the litigation; (e) the substance and amount of opposition to the settlement; and (f) the stage of proceedings at which the settlement is achieved. Leverso, 18 F.3d at 1530 (citing Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) and other cases).

### III.

After full consideration of all the matters presented and the arguments of the parties and the objectors, and a careful review of the documents in the court file, the Court makes the following findings (capitalized terms have the same meaning as set forth in the Settlement Agreement (Doc. #53-1)):

1. All prerequisites for a class action under Fed. R. Civ. P. 23(a) have been satisfied. Specifically:

(A) The Settlement Class is so numerous that joinder of all members is impractical. There are hundreds of thousands, and perhaps as many as a million, Class Members who are geographically dispersed throughout the nation. More than 700,000 direct-mail Notices were sent to Settlement Class Members.

(B) There are questions of law and fact common to the Settlement Class, thus satisfying the commonality requirement. The

central issues posed by this litigation are the Moisture-Related Problems that are alleged to affect the Refrigerators and whether all Class Members have suffered any economic losses.

(C) The claims and defenses of the representative party are typical of the claims and defenses of the Settlement Class. The Claims of the representative Plaintiff and each of the Class Members are predicated on the purchase and/or ownership of a Refrigerator. In order to prevail, the named Plaintiff and each Class Member would be required to make the same factual presentation and legal argument with respect to common questions of liability, regardless of the individual circumstances which may affect their ability to prove individual causation and amount of damages on an individualized basis.

(D) The representative party will fairly and adequately protect the interests of the Settlement Class. The representative Plaintiff has zealously pursued his claims since learning of the Defendant's alleged wrongful conduct. Mr. Turner appeared and testified at the initial Fairness Hearing on April 27, 2006, and was present at the continuation of the fairness hearing on August 21, 2006. Moreover, given the identical aspects of Claims among the Plaintiff and the Class Members set forth above, there is no potential for conflicting interests in this action. The Plaintiff possesses the same interests and has suffered the same injury as other Class Members. Contrary to the arguments of Ms. Cannivet, the representative plaintiff's past business and political

relationships do not and have not created any conflict of interest or impairment on his ability to serve as Settlement Class representative. Therefore the Court overrules Ms. Cannivet's objections to the class representative.

(E) Class Counsel have diligently pursued the interests of Plaintiff and the Settlement Class. Class Counsel are well regarded members of their legal communities, collectively have extensive experience in class action lawsuits, and have broad experience in consumer-based, complex litigation, similar in size, scope and complexity to the present case. It is clear that the Settlement Agreement was not the result of collusion or lax litigation efforts. During the six months leading up to the signing of the Settlement Agreement, Plaintiffs' Counsel, among other things, collected, archived and analyzed thousands of pages of documents and communicated with hundreds of Class Members about the nature of the litigation, and the Moisture-Related Problems allegedly suffered by the Refrigerators. Accordingly, the Court overrules Ms. Cannivet's objections as to the performance of Class Counsel.

2. Additionally, questions of law and facts common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Thus, the predominance requirement of Rule 23(b)(3) is satisfied in this case. For example, all of Plaintiff's and the

7

Class Members' Claims for compensatory relief are founded upon a common legal theory concerning GE designing, creating, manufacturing, testing, marketing, distributing and/or selling the Refrigerators. Since Plaintiff's and all of Class Members' Claims are premised upon their purchase and/or ownership of a Refrigerator, and each has the opportunity to obtain the same type of relief under the Settlement Agreement or to exercise the right to pursue litigation outside the Settlement Agreement, predominance is sufficiently demonstrated. Further, resolution by classwide settlement is superior to individual adjudication of the Settlement Class Members' Claims for compensatory relief. This is a complex case. The Settlement Class is estimated to number in the hundreds of thousands stretching across the nation. In addition, in order to prove their Claims at trial Plaintiff and Class Members would need to adduce evidence demonstrating the nature of the alleged Moisture-Related Problems their Refrigerators have suffered. Were this litigation to continue, Defendant would actively and aggressively litigate this action; although Defendant has not yet filed an Answer, it is clear that Defendant would challenge at least causation and damages and assert various affirmative defenses. The costs of proving the case against Defendant would be substantial. The Settlement Agreement provides Plaintiff and Settlement Class Members with an ability to obtain predictable, certain and defined compensatory relief promptly, and contains well defined administrative procedures to assure due process in the

8

application of the Settlement Agreement to each individual claimant, including the right to "opt-out." By contrast, individualized litigation carries with it great uncertainty, risk and costs, and provides no guarantee that the injured Plaintiff and Settlement Class Members will obtain necessary and timely compensatory relief at the conclusion of the litigation process. Settlement also will relieve judicial burdens that would be caused by repeated adjudication of the same issues in hundreds of individualized trials against Defendant.

3. Accordingly, the Court certifies the following Settlement Class:

> All Persons in the fifty United States and District of Columbia who, as of the Notice Date, [January 13, 2006] or where applicable the Supplemental Notice Date [June 6, 2006] purchased, owned, or currently own a GE and/or Hotpoint, side-by-side refrigerator sizes twenty, twenty-two, and twenty-five cubic foot models made between January 1, 2001 and December 31, 2002 (the "Refrigerators"). The complete list of Refrigerators affected by the Settlement Agreement is provided in Exhibit A hereto. Excluded from the Settlement Class are: (1) GE and any entity in which GE has a controlling interest or which has a controlling interest in GE, and the legal representatives, assigns and successors of GE; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of the Settlement Agreement, properly execute and timely file a Request for Exclusion with the Claims Administrator under Section 8 of the Settlement Agreement.

The Notice Date was set as January 13, 2006 in the Court's December 22, 2005 Order (Doc. #60, p. 4), and the Supplemental Notice Date was set as June 6, 2006 in the Court's May 24, 2006 Order (Doc. #81). This certification is for settlement purposes only and shall not constitute, nor be construed as, evidence and/or an admission on the part of GE that this Action, or any other proposed or certified class action, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, or otherwise is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar class action statute or rule. Entry of this Opinion and Order is without prejudice to the rights of GE to: (a) oppose class certification in any other proposed or certified class action or in this action, if for any reason this Order is not or cannot be implemented; and (b) use the certification of a Class in the Action to oppose certification of any other proposed or existing class relating to or purporting to assert any Settled Claim(s).

  4. The Court finds that the notification process given to potential Class Members was more than adequate. Notice of the proposed Settlement Agreement was given beginning January 13, 2006, with direct-mail notice being sent by first class mail to 445,464 potential Settlement Class Members. GE also placed ads containing the Summary Notice in the following national publications: <u>Parade</u> magazine, <u>USA Weekend</u>, <u>People</u> magazine, <u>Better Homes & Gardens</u> magazine, and <u>Reader's Digest</u> magazine. GE also created and promoted a web page concerning the litigation. A supplemental

direct mailing of 263,822 notices was sent beginning June 6, 2006, and supplemental deadlines were imposed (Doc. #81). The Court therefore overrules the objections by Ms. Cannivet as to the adequacy of notice.

5. The Settlement Agreement provides for four components of possible Benefits to Settlement Class Members:

(A) Additional Warranty Protection for Moisture-Related Problems: GE will provide Settlement Class Members with a one year extension of warranty protection for the Refrigerators, beginning on the Notice Date [January 13, 2006] and extending through January 12, 2007. In order to obtain this one year extended warranty, a Settlement Class Member must submit a properly completed and executed Claim Form within 90 days of the Notice Date or Supplemental Notice Date, i.e., by April 13, 2006 or September 4, 2006. All service and labor under this Additional Warranty must be performed by a GE factory service technician or an authorized GE customer care servicer. For Settlement Class Members with existing service contracts on their Refrigerators, if a timely and valid Claim is submitted, the one year period will apply after the expiration of the existing service contract. (Doc. #53-1, pp. 13-14.)

(B) Refrigerator Exchange: GE will provide a new GE replacement refrigerator for any Settlement Class Member whose Refrigerator was not successfully repaired after three Moisture-Related Service Calls. A claim form must be submitted within one

year of the Notice Date, i.e., by January 12, 2007, and must contain certain attachments. All Moisture-Related Service Calls that occur after January 13, 2006 [the Notice Date], must be performed by a GE factory service technician or an authorized GE customer care servicer pursuant to the Additional Warranty Protection. (Id. at 14-15.)

(C) Reimbursement of the Reasonable Costs: GE will reimburse Settlement Class Members for the reasonable costs of Moisture-Related Service Calls incurred and paid by the Settlement Class Member between the date of purchase of the Refrigerators and the Notice Date, i.e., January 13, 2006. A Settlement Class Member must submit a proper Claim Form within 90 days of the Notice Date or Supplemental Notice Date, i.e., by April 13, 2006, or September 4, 2006. (Id. at 15-16.)

(D) Refrigerator Replacement Cost Reimbursement: GE will reimburse Settlement Class Members the reasonable replacement costs (up to the original purchase price) of Refrigerators they replaced before December 9, 2005, after three or more unsuccessful Moisture-Related Service Calls. A Settlement Class Member must submit a proper Claim Form within 90 days of the Notice Date or Supplemental Notice Date, i.e., by April 13, 2006, or September 4, 2006. (Id. at 16-17.)

6. All necessary reasonable funding to implement the Benefits of the Settlement Agreement will be provided by GE. (Id. at 13, ¶ 4.1.) Class Members were allowed to opt-out of the class by

serving a Request for Exclusion by March 14, 2006 (Doc. #60, p. 4) or August 5, 2006 (Doc. #81).

7. The opposition to the Settlement has been very limited, with only 5 total objections from the tens of thousands of Settlement Class Members who already have submitted Claims and the hundreds of thousand who were notified.

8. Ms. Theresa Surprise, Mr. Frank McGinnis, and Mr. Douglas H. Lueken object to the requirement of three documented unsuccessful repair attempts take place before the replacement costs of a Refrigerator will be reimbursed. Allan and Lisa Higgins object to the requirement that a GE factory service technician or authorized GE customer care servicer perform the maintenance work. The Court finds that these requirements are reasonable in the context of the Benefits to the Settlement Class Members, and do not render the Settlement Agreement unfair, inadequate, or unreasonable. The Court overrules the objections.

9. Ms. Cannivet objects to the Settlement Agreement because of the broad releases required of consumers who choose to participate in the settlement. The Settlement Agreement provides that each Releasing Party shall release and forever discharge each Released Party of and from any and all Settled Claims. (Doc. #53-1, p. 21, ¶ 11.1). "Settled Claim" is defined as

> any claim, liability, right, demand, suit, matter, obligation, damage, loss, or cost (including the cost of remediation), action or cause of action, of every kind and description that the Releasing Party has or may have,

13

> including assigned claims whether known or unknown, asserted or unasserted, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Action or in any action or proceeding in this Court or any other court or forum, regardless of legal theory, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising from or in any way relating to a Moisture-Related Problem or the allegations of the Complaints ("Settled Claims"). Claims for personal injury are expressly excluded from the definition of Settled Claim. . . ." (Id. at 9.)

The Court finds inclusion of such a release provision to be reasonable in the context of the Settlement Agreement. While it is indeed broad as it relates to Moisture-Related Problem claims, it is limited to claims "arising from or in any way related to the Moisture-Related Problems," and does not bar unrelated claims against GE. If any individual consumer finds the release unduly burdensome to his or her potential claims, they had the ability to opt out of the Settlement Agreement and pursue all the causes of actions they may have. The Court overrules this objection.

10. Ms. Cannivet objects to the Settlement Agreement because of GE's role in the administration of claims processing, citing an inherent conflict of interest given GE's financial incentive to determine that Class Members do not qualify for settlement Benefits. The Settlement Agreement provides that GE or its designated agent or employee will be the Claims Administrator (Id. at 5.) In this capacity GE is required to take all reasonable steps to administer the Claims. (Id. ¶ 6.1.) This obligation,

14

however, is not unsupervised. Settlement Class Counsel has the right to monitor GE's performance and review data related to Claims Administration. (Id.) Additionally, GE must provided quarterly reports to Settlement Class Counsel containing specific information. (Id. ¶ 6.2.) Further, the Court retains exclusive and continuing jurisdiction over the Settlement Class Members and the Claims Administrator to interpret and enforce terms, conditions, and obligations under the Settlement Agreement. (Doc. #53-1, ¶ 10.2.) Disputes are resolved by a Special Master, subject to de novo review by the Court. (Id. ¶¶ 14.1, 14.2.) The Court finds that the claims administration process is fair, adequate, and reasonable, and therefore the objection is overruled.

11. Brent Davis objects to the requirement that Settlement Class Members must file a claim to obtain the Additional Warranty Protection for Moisture-Related Problems. Mr. Davis asserts that there is no reason to require a written claim for the additional one year warranty, and the requirement only serves to cut off the rights of Settlement Class Members to this Benefit. The one year period turns out to be January 13, 2006 to January 12, 2007. Claims had to be submitted by April 13, 2006 on a Claim Form. The Claim Form is clear and simple (Doc. #53-8), and is a reasonable administrative requirement. While the requirement could have been negotiated away, the nature of arms-length bargaining results in some provisions which are not as favorable as conceivably possible for each side. The Court overrules the objection.

12. Mr. Davis also seems to object to the requirement that Settlement Class Members have to file a claim to receive any of the other Benefits under the Settlement Agreement. Filing of a claim to obtain a replacement refrigerator or reimbursement is a reasonable administrative procedure which does not impose an undue burden on any Settlement Class Member. This objection is overruled.

13. Mr. Davis further objects that the additional warranty period includes a time period in the past, before the Settlement Class Members had any right to make an extended warranty claim and before they had notice of the right to make an extended warranty claim. He points out that the extra "year" extends from January 13, 2006 to January 12, 2007, and most of this time will expire prior to the approval of the Settlement Agreement. Thus, he argues there is not really an "extra year" of warranty protection at all.

The one year warranty alleged in the Third Amended Complaint (Doc. #52, ¶ 19) has long ago expired for all the Refrigerators (the last of which was made on December 31, 2002). The extra year warranty is indeed at least an extra year, beginning when notice was first provided to Settlement Class Members. Settlement Class Members had 90 days to claim the extended warranty protection, this extended warranty period has not expired, and Settlement Class Members who exercised this right can make Claims under the extended warranty. The Court overrules the objections.

14.  Ms. Cannivet objects to the attorney fees because of her dissatisfaction with the performance of Class Counsel. The Court has previously overruled her objections as to the adequacy of Class Counsel, and therefore overrules Ms. Cannivet's objection to attorney fees and expense reimbursement.

Mr. Davis objects to the attorney fees because they are excessive in relation to the benefits being provided to the Settlement Class, especially the "one year" period discussed above, and because Class Counsel had not filed an application specifically addressing attorney fees. The attorney fees are to be paid by GE, and payment of the fees are not from any fund which is shared by Settlement Class Members. Attorney fees and expenses therefore do not diminish Benefits to the Settlement Class Members, and were agreed to in arms-length negotiations. These objections are overruled.

The Court approves the provision that Class Counsel be awarded attorney fees and expenses in the total amount of $1,325,000, consisting of: (1) $1,250,000 for fees, costs and expenses allocable to work performed and costs and expenses incurred prior to the Effective Date and payable within thirty (30) days after the Effective Date of the Settlement; (2) $50,000 for fees allocable to work performed after the Effective Date and payable 30 days after all Benefits have been provided to Settlement Class Members pursuant to Section 5 of the Settlement Agreement; and (3) $25,000 for actual out-of-pocket costs and expenses, if any, incurred after

the Effective Date and payable thirty (30) days after all Benefits have been provided to Settlement Class Members pursuant to Section 5 of the Settlement Agreement.

15. The Court has reviewed Plaintiffs' request for a Settlement Class Representative Incentive Award. No objection has been lodged to this item, and the Court finds it reasonable. The Settlement Class Representative is awarded the requested $1500.00.

16. For the reasons stated above, the Court finds the Settlement Agreement to be fair, reasonable and adequate.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Final Approval of Settlement, Certification of Settlement Class, and Approval of Attorneys' Fees and Settlement Class Representative Incentive Awards (Doc. #72-1) is **GRANTED**.

2. The Court certifies the following Settlement Class:

> All Persons in the fifty United States and District of Columbia who, as of the Notice Date, [January 13, 2006] or where applicable the Supplemental Notice Date [June 6, 2006] purchased, owned, or currently own a GE and/or Hotpoint, side-by-side refrigerator sizes twenty, twenty-two, and twenty-five cubic foot models made between January 1, 2001 and December 31, 2002 (the "Refrigerators"). The complete list of Refrigerators affected by the Settlement Agreement is provided in Exhibit A hereto. Excluded from the Settlement Class are: (1) GE and any entity in which GE has a controlling interest or which has a controlling interest in GE, and the legal representatives, assigns and successors of GE; (2) the Judge to whom this case is assigned

and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of the Settlement Agreement, properly execute and timely file a Request for Exclusion with the Claims Administrator under Section 8 of the Settlement Agreement.

3. The Court approves the Settlement Agreement (Doc. #53), the Attorneys' Fees, and the Settlement Class Representative Incentive Award as set forth in the Settlement Agreement.

4. All actions, claims, defenses, and complaints made, filed or asserted in Case No. 2:05-cv-186-99DNF are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement.

5. The Clerk shall enter judgment adopting and incorporating this Opinion and Final Order and the Settlement Agreement. The Clerk is further directed to close the case and terminate any remaining deadlines and motions as moot.

**DONE AND ORDERED** in Fort Myers, Florida this __13th__ day of September, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record