IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| WILLIAM TURNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. 2:05-CV-186-FtM-33DNF |

### OBJECTOR'S UNOPPOSED MOTION TO WITHDRAW OBJECTION

Objector Brent Davis files this Motion to Withdraw Objection with prejudice and would show the Court as follows:

As the Court knows from the fairness hearing conducted in this matter, Objector is a class member of the class action made the basis of this case. Objector has recently been contacted by a warranty company that is repairing his refrigerator without further expense to Objector. Objector has decided to accept the warranty repair as the basis for the Motion to Withdraw Objection. Contemporaneously with the filing of this Motion, Objector is filing a Voluntary Dismissal of the Appeal of this matter.

Objector requests that the Court accept his request and be advised that neither Objector nor his counsel have accepted or been provided any agreement in connection with the relief requested to withdraw his Objection.

The request is unopposed by Plaintiff's counsel. An e-mail dated October 26, 2006, from Plaintiff's counsel states:

"We do not oppose a voluntary dismissal of the appeal. We do not oppose a withdrawal of the objection. Your doing so would vitiate the pending motion."

Scott Wm Weinstein

This message was sent from a mobile device.

For additional information if such is necessary, Objector objected to the underlying class action settlement on several grounds including: the settlement is not fair because it requires class members that GE already knows are class members to file a claim even though GE knew who the class members were; the settlement is not fair because for class members not yet identified by GE they would be precluded from participating in the class if they did not file a claim be the claim deadline; the additional warranty period provided in the settlement has basically already expired without notice to the class members; and, on the basis that the attorney's fees requested of Plaintiff's class counsel were excessive.

The District Court conducted an extensive fairness hearing and allowed Objector to fully participate and be heard. Not once during the fairness hearing did the court state or imply that the Objection was frivolous or in any way appeared to be brought in bad faith or that it was a groundless objection. Even defense counsel congratulated Objector's counsel upon leaving the courtroom indicating that counsel had done a good job in presenting the objection on behalf of Objector. Ultimately the District Court approved the settlement.

During the afternoon following the fairness hearing, counsel for Objector was requested by Plaintiffs' counsel to advise how the Objection could be resolved. An agreement was made between Plaintiff's Counsel and Objector's Counsel that any discussion of resolution of the Objection would be confidential and privileged settlement discussions. Objector's counsel intends to honor the agreement concerning the specifics of the conversation but generally a Cy Pres enhancement was discussed to resolve the Objection. Courts have held that Cy Pres enhancements are a valuable benefit to class action cases.

Objectors' counsel specifically denies and takes exception with the misstatements contained within the Declarations of Scott WM Weinstein and Terry Smiljanich filed in the District Court. In case Mr. Smiljanich has forgotten, Mr. Smiljanich's request for class approval was objected to by a member of his own steering committee.

Objector's counsel was not and was never interested in just having the Plaintiffs' counsel make a pay off to withdraw the objection or dismiss the appeal. We would continue to fight for what is in the best interest of the class but for the satisfaction Objector is receiving by having his refrigerator repaired.

On behalf of Objector, a notice of appeal was timely filed. In response, Plaintiffs' counsel filed for an Appellate Rule 7 cost bond in a very large amount and has threatened both my client and counsel for objector with sanctions if the Objection is not dismissed, thereby depriving Objector of the ability to pursue the appeal. It is Objector's counsels belief that both requests are based upon the assertion that the objection and hence the appeal are frivolous. Objector's counsel does not believe the Plaintiffs are entitled to such an appeal bond or at least one including attorneys' fees and interest because the Plaintiffs' counsel failed to allege any statutory claims allowing for recovery of attorneys fees.

I submit to the court that Plaintiffs' counsel only asserted that the objection was frivolous after the fact (i.e., the Court had approved the settlement over the objection), that the objection was never stated by Plaintiffs' counsel during the fairness hearing to be frivolous and that the District Court entertained and considered the Objection without exercising its prerogative to initiate the sanctions procedures as allowed under Rule 11 (c) (1) (B).

There has been no agreement between counsel for Objector and any party to the case that motivated this motion to withdraw the Objection. The request to withdraw the Objection is solely based upon the Objector's decision to accept the warranty repair as satisfaction of his pending claim.

Objector will not be responding to the Plaintiffs' Motion for an Appeal Bond because that motion will be mooted by the dismissal of the appeal, once the Appellate Court acts upon that Motion.

Wherefore premises considered, Objector requests that the court allow Objector to withdraw the Objection with prejudice and that each party go forth incurring their own costs.

Respectfully submitted,

MICHAEL F. KAYUSA, ESQUIRE

By: _____
Michael F. Kayusa
FBN 472433
P.O. Box 6096
Fort Myers, FL  33911
(239) 334-8200
(239) 334-2899

LOCAL COUNSEL

Jeffrey L. Weinstein
Jeffrey L. Weinstein, P.C.
Texas State Bar No. 21096450
518 East Tyler Street
Athens, Texas 75751
903/677-5333
903/677-3657 – facsimile
E-Mail:jeff@jeffweinstein.com

**ATTORNEYS FOR OBJECTOR**

## CERTIFICATE OF SERVICE

    A copy of the foregoing has been delivered to the following persons on October 26, 2006:

| | |
|---|---|
| Scott Wm. Weinstein<br>Weinstein Bavly & Moon, PA<br>2400 First Street, Suite 303<br>Ft. Myers FL 33901 | ___ hand delivered/courier<br>___ certified mail, return receipt requested<br>_✓_ first class mail<br>___ facsimile |
| Edward M. Waller, Jr., Charles Wachter<br>Fowler, White Boggs Banker P.A.<br>501 East Kennedy Blvd. Suite 1700<br>Tampa FL 33602 | ___ hand delivered/courier<br>___ certified mail, return receipt requested<br>_✓_ first class mail<br>___ facsimile |

_____
Jeffrey L. Weinstein